**Lonnie D. WIEMERS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

Appeal No. 86–608.

United States Court of Appeals, Federal Circuit.

June 6, 1986.

Thomas A. Spieczny, El Paso, Tex., argued for petitioner.

David C. Kane, Reviewer for Litigation, of the Merit Systems Protection Board, Washington, D.C., argued for respondent. With him on the brief were Llewellyn M. Fisher, Acting General Counsel, Mary L. Jennings, Associate General Counsel and Deborah A. Stover-Springer, Attorney, of the Merit Systems Protection Board, Washington, D.C.

Before MARKEY, Chief Judge, FRIEDMAN and BISSELL, Circuit Judges.

FRIEDMAN, Circuit Judge.

This petition for review challenges a decision of the Merit Systems Protection Board (Board) denying the petitioner's request for enforcement of a Board order that upheld the indefinite suspension of the petitioner pending the disposition of a criminal case against him. The petitioner contends that because his criminal conviction was reversed on appeal, he was entitled to termination of the suspension order and reinstatement with back pay. The Board denied relief on the ground that prior to the court of appeals decision, the agency had removed the petitioner for the underlying conduct upon which the criminal charges had been based. We affirm.

I.

In September 1983, the Immigration and Naturalization Service of the Department of Justice indefinitely suspended the petitioner and another agent as Border Patrol Agents following their federal three-count indictment on charges of beating a 12-year-old boy whom they apparently suspected of being an illegal alien and of intimidating a witness familiar with the incident. The suspension was to last until the criminal charges had been decided. The petitioner appealed the suspension to the Board, which affirmed it.

The petitioner was convicted under one count of the indictment but acquitted under the other two counts. On appeal, the Court of Appeals for the Fifth Circuit reversed the conviction in an unreported opinion.

Subsequent to the conviction but prior to the reversal, the agency removed the petitioner from his position. The petitioner appealed the removal to the Board, which affirmed it.

In upholding the removal, the presiding official of the Board noted that the agency's charges included both the beating of the boy and the intimidating of a witness and that the latter charge stated that the petitioner had been convicted of that offense. The presiding official pointed out that the charge "concerning intimidation of a witness ... relate[s] to the alleged misconduct by appellants and not simply their conviction for the crime of intimidating and attempting to intimidate a witness in an official proceeding." He further stated:

[T]he agency did not rely solely on the fact of appellants' convictions in its presentation of evidence concerning the second reason. It introduced unrefuted credible testimony to support the specifications of the charge by Offutt [the wit-

ness] regarding appellants' actions, individually and together, in an apparent attempt to influence or intimidate his participation and testimony in the court proceedings and the investigation of the mistreatment incident discussed under Reason I.

The petitioner did not seek judicial review of the Board's affirmance of his removal.

After the court of appeals reversed his conviction, the petitioner filed with the Board a petition for enforcement of the suspension order. He contended that the court of appeals decision determined "with finality" that he was not guilty of the criminal charge of intimidating a witness, that since the suspension was limited to the duration of the criminal charges, the reversal of his conviction on the charges entitled him to reinstatement, and that the removal of the petitioner was inconsistent with "the prior final ORDER of the Board affirming the contingent suspension." The petitioner stated: "If an employee is indefinitly [sic] suspended pending the outcome of criminal charges and is ultimately found to be not guilty of any criminal offense charged, the clear meaning of such a suspension requires his reinstatement."

The regional director of the Board denied the petition for enforcement, and the Board denied review. 29 M.S.P.R. 9. The regional director stated that "[w]hen the duration of an indefinite suspension is limited to the disposition of the criminal charges and the condition subsequent occurs, an agency may not continue the suspension indefinitely." She pointed out, however, that

an acquittal does not entitle an employee to reinstatement when an agency is able to prove by preponderant evidence that a removal action on the underlying conduct is justified.... Subsequent to the suspension action in this case, the agency removed appellant based on the misconduct itself and the removal action was sustained by the Board on the basis that the agency had supported its action by preponderant evidence.... Accordingly, I find that appellant has presented no

action within the enforcement authority of the Board and his petition must be DENIED. [Citations omitted.]

## II.

▮ The petitioner contends that because his suspension was based solely on his indictment and his removal was based at least in part on his conviction, the reversal of that conviction entitles him to a reversal of the removal and reinstatement with back pay. There are two flaws in this argument.

First, as noted above, the presiding official held that in removing the petitioner, the agency had not relied solely on the petitioner's conviction, but had "introduced unrefuted credible testimony" that he had committed the underlying offense upon which the criminal charges were based.

Second, once the removal of the petitioner had been effected and had become final, that removal superseded the indefinite suspension. When the court of appeals reversed the petitioner's conviction, the suspension order no longer was operative. The reversal of the conviction, therefore, could not affect the suspension order, which necessarily had terminated, and accordingly there was nothing for the Board to enforce.

The removal order had become final upon its affirmance by the Board and the failure of the petitioner to seek judicial review of that affirmance, as he could have done. The petitioner's contention that the reversal of the conviction eliminated the basis for the removal thus fails, both because the criminal conviction was not the sole basis of the removal order and because whatever the basis may have been for that order, it had become final and not subject to reexamination or reversal. Since the petitioner here challenges only the Board's denial of enforcement of the suspension order and since that denial was correct, the Board decision must be affirmed.

The petitioner argues that his removal, based in part upon a criminal charge on which he was vindicated, denied him due

process. For the reasons already given, this contention also fails in view of the finality of the Board order upholding the removal.

The petitioner contends that "under the holding" of *Brown v. Department of Justice*, 715 F.2d 662 (D.C.Cir.1983), within which he says he "falls squarely," the reversal of his criminal conviction entitles him to reinstatement with back pay. In *Brown*, two employees were suspended indefinitely following their indictment, the Board upheld the suspension, and the employees sought review of that ruling in the court of appeals. One of the employees was convicted, and following the conviction, he was removed. The other employee was acquitted, and the agency reinstated him.

The court of appeals held that the agency properly suspended the employees following their indictment on work-related charges, that the acquitted and reinstated employee was entitled to back pay and benefits for the period of suspension, and that the convicted employee was not so entitled.

*Brown* is distinguishable from the present case on two grounds.

First, unlike the petitioner in this case, the employees in *Brown* had not been removed on the basis of the underlying conduct upon which the indictment was based. The convicted employee there was removed only after his conviction. Only the acquitted employee who had not been removed was held entitled to reinstatement with back pay.

 Second, in holding that the acquitted employee was entitled to back pay for the period of suspension, the court of appeals recognized that in *Jankowitz v. United States*, 533 F.2d 538, 209 Ct.Cl. 489 (1976), "the Court of Claims held that an employee lawfully suspended on the basis of his indictment on job-related charges was not entitled to back pay upon his acquittal and reinstatement by the agency," but declined to follow that decision. *Brown*, 715 F.2d at 669. In this court, however, *Jankowitz*, and not *Brown*, is the controlling precedent. *South Corp. v. United States*, 690 F.2d 1368, 215 USPQ 657 (Fed.Cir.1982). Under *Jankowitz*, the reversal of the petitioner's conviction did not entitle him to back pay for any part of the period of suspension.

## CONCLUSION

The decision of the Merit Systems Protection Board denying the petition for enforcement is affirmed.

AFFIRMED.