852 F.2d 1294
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Francis X. McCANN, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 87-3238.
 United States Court of Appeals, Federal Circuit.
 June 21, 1988.
 
 Before DAVIS,* EDWARD S. SMITH and PAULINE NEWMAN, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (board), docket No. NY07528610131, affirming the removal of Francis X. McCann (McCann) by the Department of the Treasury (agency), is reversed.
 
 OPINION
 
 2
 McCann was a criminal investigator with the Bureau of Alcohol, Tobacco, and Firearms from 1972 until he was removed by the agency. He was arrested in 1979 on criminal charges that he sexually assaulted several young girls. McCann was indefinitely suspended following his arrest and was removed on October 1, 1981, based on specifications involving assaults on six different girls. He appealed the removal, but that appeal was dismissed without prejudice pending final disposition of the criminal charges against him. McCann was subsequently convicted of two assaults (Gullotta and Rosenstein), one trial resulted in a hung jury (Pascarello), two other cases were never tried (Freider and Attard), and in one case (Maloney) no indictment issued because the parents of the victim refused to cooperate with the prosecution. The two convictions were overturned on appeal, the first because of a total misidentification of McCann as the assailant and the second, in part, because of the significant discrepancies between the victim's description of her assailant and McCann's physical appearance. The last of the pending indictments was dismissed on November 27, 1985, and this appeal was timely filed with the board.
 
 
 3
 The board held a hearing in March 1986 at which two of the victims testified (Pascarello and Gullotta), as well as the sister of one of the victims. The board found that four of the specifications were not supported by substantial evidence, but that the two involving the victims who testified, Pascarello and Gullotta, were supported by substantial evidence. The board then upheld the removal of McCann.
 
 
 4
 It is clear that the reversal of McCann's conviction on the criminal charges does not preclude his removal based on the conduct underlying those charges. See Wiemers v. Merit Systems Protection Board, 792 F.2d 1113 (Fed.Cir.1986). It is also important to note that the burden of proof in criminal cases, beyond a reasonable doubt, does not apply in removal cases, where the burden of proof is the lesser showing of a preponderance of the evidence.
 
 
 5
 McCann's basic argument is that the board's opinion is not supported by substantial evidence. We agree. The only charges which were sustained were those in which the victims testified. The board found Pascarello, Adriana Gullotta, and her sister, Angela Gullotta, to be credible witnesses, and also found that McCann's credibility concerning his alibis was weak. The Government urges us to affirm the board because credibility determinations are "virtually unreviewable" by this court, citing Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). What the government fails to recognize is that this case involves more than a simple credibility determination.
 
 
 6
 McCann challenged the identifications by the victims before the board. In the course of its discussion of McCann's arguments, the board applied the constitutional test for evaluating an identification procedure, i.e., whether the identification is reliable based on the totality of the circumstances. Manson v. Brathwaite, 432 U.S. 98 (1977). The board used the factors given in Neil v. Biggers, 409 U.S. 188, 199-200 (1972), to evaluate the reliability of the identifications. It found that only the length of time between the crime and the identification created concern for reliability of the identification and then found that was outweighed by the seriousness of the crimes and the length of time the victims had to observe their attacker.
 
 
 7
 The board's application of this test to the facts of this case was in error. First of all, the length of time between the attacks and the initial identifications by the victims, 4 years in the Pascarello case and 3 1/2 years in the Gullotta case, is so great that the other factors would have to point strongly toward no substantial likelihood of misidentification in order for the identification to be considered reliable. Neil, 409 U.S. at 201 (noting that 7 months between an attack and the identification "would be a seriously negative factor in most cases"). However, the accuracy of the descriptions by the victims, one of the factors to be considered in evaluating the reliability of the identification, points strongly the other way. Neil, 409 U.S. at 199. The board did not properly consider this factor in its analysis. Although the board recognized that neither Pascarello nor Gullotta described their attacker as having facial hair whereas the record revealed that McCann wore a goatee during the time period when the attacks on these two girls occurred, it dismissed this discrepancy as insignificant because of the age of the victims at the time of the attack and the problems inherent in eyewitness testimony. In addition, the board failed to consider the other differences between Gullotta's description and McCann's appearance, among them height and hair color. These differences were the basis for the reversal of McCann's conviction in the Gullotta attack by the Appellate Division of the New York Supreme Court, which stated that "the variances were so substantial as to constitute a total misdescription." People v. McCann, 90 A.D.2d 843 (N.Y.App.Div.1984). The length of time between the attacks and the initial identifications by the victims, combined with the inaccuracies in the descriptions given by the victims, and the age of the victims at the time of the attacks, render the identifications unreliable. Another piece of evidence which shows that the identifications were not reliable is the identification of McCann by the victim of a November 1980 attack for which he had a strong alibi. These factors show that there was substantial likelihood of a misidentification associated with the identifications by the victims, and they cannot be considered reliable.
 
 
 8
 There is no evidence linking McCann to the attacks other than the testimony of the victims. Without that testimony, there is no substantial evidence to support the board's decision. Therefore, we must reverse. 5 U.S.C. Sec. 7703(c).
 
 Costs
 
 9
 Costs on appeal are awarded to petitioner McCann.