862 F.2d 321
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gary L. SHAFFER, Petitioner,
v.
DEFENSE LOGISTICS AGENCY, Respondent.
 No. 88-3150.
 United States Court of Appeals, Federal Circuit.
 Oct. 19, 1988.
 
 Before FRIEDMAN, NIES and ARCHER, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Gary L. Shaffer seeks review of the final decision of the Merit Systems Protection Board, Docket No. PH07528510197, insofar as the board refused to award back pay and benefits during the period he was suspended while under criminal indictment. Although he admits that it was appropriate for the agency to suspend him between November 30, 1984 and January 3, 1985 while his criminal indictment was pending, Shaffer contends he is entitled to back pay and benefits once the charges were dropped and he was successful in overturning his subsequent removal. We affirm.
 
 OPINION
 
 2
 There are no facts in dispute. The sole issue is one of law: whether an employee lawfully suspended solely on the basis of an indictment is entitled to back pay and other benefits, from the date the suspension began until the date the indictment was dismissed, upon subsequent dismissal of the indictment and reinstatement by the agency. Shaffer contends that we should "follow the holding in the case of Brown v. Department of Justice, 715 F.2d 662, 669 ( [D.C.Cir.] 1983)." That case granted an employee, who had been suspended based solely on an indictment, back pay and benefits for the entire period of suspension after being acquitted and reinstated. The court in Brown recognized that in Jankowitz v. United States, 533 F.2d 538 (Ct.Cl.1976), "the Court of Claims held that an employee lawfully suspended on the basis of his indictment on job-related charges was not entitled to back pay upon his acquittal and reinstatement by the agency." Brown, 715 F.2d at 669. Nevertheless, the court declined to follow Jankowitz, stating, "the Claims Court failed to appreciate the realities of the situation." Brown, 715 F.2d at 669.
 
 
 3
 As this court held in Wiemers v. Merit Systems Protection Board, 792 F.2d 1113, 1116 (Fed.Cir.1986), however, Jankowitz, and not Brown, is the controlling precedent in this court. (Our decision in South Corp. v. United States, 690 F.2d 1368, 1370, 215 USPQ 657, 657-58 (Fed.Cir.1982), adopted as binding precedent the body of law represented by the holdings of the Court of Claims.) Accordingly, we must follow the holding of Jankowitz, as approved in Wiemers. Under that holding, the dismissal of Shaffer's indictment does not entitle him to back pay or other benefits for the period of his lawful suspension even though he was subsequently acquitted and reinstated.