865 F.2d 268
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edward E. MARSHALL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 88-3398.
 United States Court of Appeals, Federal Circuit.
 Dec. 12, 1988.
 
 Before MARKEY, Chief Judge, and EDWARD S. SMITH and PAULINE NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The initial decision of the Merit Systems Protection Board (board), which decision became final on July 26, 1988, docket No. AT07528810169, sustaining the United States Postal Service's (agency) removal of Edward E. Marshall (Marshall) from his position as a custodian at the Jacksonville Bulk Mail Center in Jacksonville, Florida, is affirmed.
 
 OPINION
 
 2
 On appeal, Marshall's sole basis for reversal is that the board wrongly rested its decision on Marshall's guilty plea to the felony charge because the possibility existed that Marshall's pending appeals both before the State of Florida District Court of Appeal and before the State of Florida Division of Administrative Hearings would result in Marshall's guilty plea being vacated. Marshall directs our attention to an administrative stipulation entered into in September 1988 between Marshall and the State of Florida Department of Health and Rehabilitative Services. We are not persuaded.
 
 
 3
 Here, because the board's decision was based upon Marshall's guilty plea and misconduct and was not based upon any resulting criminal conviction, sentence, or administrative complaint, neither the administrative stipulation nor the outcome from an appeal of his criminal sentence must necessarily affect the validity of the charge for which Marshall was removed. See, e.g., Wiemers v. Merit Systems Protection Board, 792 F.2d 1113, 1115-16 (Fed.Cir.1986) (holding that reversal of an employee's conviction on criminal charges does not preclude his removal based on conduct underlying those charges). After a careful review of the record as a whole, we conclude that the decision of the board sustaining Marshall's removal by the agency is supported by substantial evidence, and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).