895 F.2d 1420
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Henry F. CALLAHAN, Jr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 89-3231.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1990.
 
 Before RICH, PAULINE NEWMAN and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Henry F. Callahan, Jr. appeals the decision of the Merit Systems Protection Board, Docket No. AT07528810482, whereby Mr. Callahan, having been suspended without pay following his indictment by a federal grand jury, was denied the award of back pay for this period, although the indictment was subsequently dismissed and Mr. Callahan was reinstated. We affirm the Board's decision.
 
 OPINION
 
 2
 The Board's decision is in accord with precedent as established by the Court of Claims in Jankowitz v. United States, 533 F.2d 538, 543 (Ct.Cl.1976), which upheld the indefinite suspension of an employee based upon grand jury indictment, the court relying on the fact that the indictment constituted reasonable cause to believe that the employee had committed a crime for which a term of imprisonment might be imposed. That holding is controlling. We have considered the constitutional issues raised by Mr. Callahan, and conclude that the action taken does not violate protected rights. We affirm that suspension was warranted under the circumstances of this case.
 
 
 3
 As for the issue of back pay for the period of suspension, it was established in Jankowitz, 533 F.2d at 544, that acquittal following trial of the criminal charge did not give rise to an entitlement to back pay during the period of suspension. See also Wiemers v. Merit Sys. Protection Bd., 792 F.2d 1113, 1116 (Fed.Cir.1986) (reversal of a conviction did not give rise to a right to back pay). Callahan points out that withdrawal of the indictment reinforces his position that he is entitled to the presumption of innocence. However, having established that the action of suspension was warranted, the ensuing withdrawal of the indictment by the United States Attorney, independent of the Postal Service, did not give rise to an obligation of the Postal Service for back pay during the period in which the indictment was in effect. The decision of the Board is in accordance with precedent: for having established that the Postal Service was justified in suspending Mr. Callahan because of the indictment, there arises no controlling distinction between termination of the suspension by acquittal and termination by withdrawal of the indictment. In neither case is the suspension, proper when entered into, converted into an "unjustified" personnel action. See Jankowitz, 533 F.2d at 549 (Nichols, J., concurring).