975 F.2d 870
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Harold I. GOLDBERG, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 91-3471.
 United States Court of Appeals, Federal Circuit.
 July 22, 1992.
 
 Before NIES, Chief Judge, RICH, Circuit Judge, and RESTANI,* Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Harold I. Goldberg petitions for review of the January 17, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. DC075290110024, which became the final decision of the Merit Systems Protection Board (Board) when it denied review on June 3, 1991, sustaining the Department of the Air Force's (agency's) removal of Goldberg for falsification of official documents, i.e., Standard Forms (SFs) 1190, resulting in fraudulent receipt of Living Quarters Allowance (LQA) and Post Allowance (PA). We affirm.
 
 DISCUSSION
 
 2
 Goldberg's petition is chiefly directed to his disagreement with what he terms the AJ's "despotic" and "unbelievabl[y] erroneous" interpretation of the applicable Department of Defense regulations governing the reporting of rental income. The AJ found that Goldberg's explanation for not reporting his rental income for the Mackenbach residence, which relied on Goldberg's own regulatory interpretation, was "not credible," and "inconsistent with other information that he himself reported to the agency" concerning the residence (e.g., its fair market value). Goldberg's intent to deceive the agency was further evidenced by his failure to disclose the specifics of the rental situation, and the financial gain he received therefrom, the AJ found. On the rental income issue the AJ also heard the testimony of agency witnesses Wagner, who is responsible for processing SF 1190s, and Naslund and Shingler, former tenants of Goldberg. The AJ's determination that these witnesses were more credible than Goldberg is "virtually unreviewable" by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Based on this record, we discern no error in the AJ's thoroughly-supported conclusion that the regulations required Goldberg to report his rental income, and that in failing to do so, Goldberg intentionally falsified his SF 1190s, resulting in fraudulent receipt of LQA.
 
 
 3
 Goldberg also challenges, again primarily on credibility grounds, the AJ's finding that Goldberg intentionally deceived the agency in order to increase the amount of his PA by falsely reporting that his wife and mother-in-law resided with him in the Mackenbach residence. Applying the credibility determination factors set forth in Hillen v. Department of the Air Force, 35 MSPR 453 (1987), the AJ found that the testimony of Goldberg's former tenants on this issue, while circumstantial, was consistent throughout their testimony before the Board, and with that previously given to agency Office of Special Investigations (OSI) personnel. On the other hand, the AJ found Goldberg's contrary testimony to be "self-serving" and "inherently improbable" in view of the tenants' testimony. We see no basis for overturning the AJ's finding on the PA issue to the extent it was based upon credibility determinations. See Hambsch, supra. Moreover, we, like the AJ, see no merit in Goldberg's argument that the term "residing," as used in the agency regulations governing PA, is impermissibly vague.
 
 
 4
 Goldberg also cites as error the AJ's determinations that the requisite "nexus" existed, and that the penalty of removal was reasonable. Goldberg's arguments are unpersuasive. The record clearly establishes a nexus between Goldberg's systematic and long-term falsification of official documents for personal financial gain, and the efficiency of the service. Additionally, both the AJ and the agency properly considered all relevant penalty-mitigating circumstances, including Goldberg's years of government service and lack of a prior disciplinary record, but on balance, found these to be outweighed by the "very serious" nature of the charged misconduct, coupled with Goldberg's refusal to admit any wrongdoing. We see no basis for disturbing the agency's penalty determination.
 
 
 5
 Lastly, we note the inclusion in Goldberg's reply brief of what appears to be a recent decision of a German criminal court (German decision), from which it appears that Goldberg was acquitted on a criminal charge of having "deceived the housing office" about rental income received on the Mackenbach and Wiesbaden residences. Goldberg contends that, in view of the German decision, "the agency should now be estopped from continuing this [MSPB] case," and that the German decision is "a proper basis for the sustaining of the complete dismissal of the MSPB case." We disagree. It is clear that Goldberg's acquittal on the criminal charges does not preclude his removal on the conduct underlying those charges. See Wiemers v. Merit Sys. Protection Bd., 792 F.2d 1113 (Fed.Cir.1986) (affirming MSPB decision denying reinstatement and backpay following reversal of petitioner's criminal conviction on appeal, on ground that prior to reversal, agency had removed petitioner for the underlying conduct upon which criminal charges were based). It is also important to note that the higher burden of proof in criminal cases does not apply in removal cases, where the burden of proof is the lesser showing of a preponderance of the evidence.
 
 
 6
 We have considered Goldberg's remaining arguments, but find them to be without merit.
 
 COSTS
 
 7
 Each side to bear its own costs.
 
 
 
 *
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation