NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3229

NICHOLAS S. TROBOVIC,

Petitioner,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.

<u>Nicholas S. Trobovic</u>, of Berwyn, Pennsylvania, pro se.

<u>Joan M. Stentiford-Ulmer</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were <u>Jeanne E. Davidson</u>, Director, and <u>Steven J. Gillingham</u>, Assistant Director.  Of counsel on the brief was <u>F. Allen Phaup</u>, Assistant General Counsel, Office of the General Counsel, General Law Division, United States General Services Division, of Washington, DC.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3229

NICHOLAS S. TROBOVIC,

Petitioner,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.

Petition for review of the Merit Systems Protection Board in consolidated cases NY0752050347-M-1; NY0752070003-I-2; NY0353070004-I-2; NY3443070005-I-2; and NY0752070202-I-1.

_____

DECIDED: April 16, 2009

_____

Before MAYER, PLAGER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

Nicholas S. Trobovic appeals the final order of the Merit Systems Protection Board denying his petitions for review of the initial decisions that dismissed, as withdrawn or settled pursuant to a comprehensive settlement agreement, his five appeals of allegedly improper actions taken by the General Services Administration ("GSA"). <u>Trobovic v. Gen. Serv. Admin.</u>, Nos. NY-0752-05-0347-M-1, NY-0752-07-0003-I-2, NY-0353-07-0004-I-2, NY-3443-07-0005-I-2, NY-0752-07-0202-I-1 (M.S.P.B.

Mar. 5, 2008). The board concluded that there was no new, previously unavailable evidence and that the administrative judge made no error in law or regulation affecting the outcome. Id.; 5 C.F.R. § 1201.115(d). We affirm.

Trobovic was employed by the GSA as a building management specialist, GS-1157-11. On June 15, 2005, he suffered a back injury that was ultimately accepted as compensable by the Department of Labor's Office of Workers' Compensation Programs. One year later, Trobovic applied for a budget analyst position, which he was denied. He brought five appeals before the board in connection with his GSA employment, claiming constructive suspensions and violations of his restoration to duty rights as a medically-disqualified employee. In the course of his appeals to the board, and before any decisions on the merits were reached, Trobovic agreed to participate in the board's Mediation Appeals Process. On August 1, 2007, the parties signed and executed a comprehensive settlement agreement involving all issues in his pending appeals. Trobovic agreed to withdraw, with prejudice, all of his appeals and neither contest his removal from service for unavailability for work, nor seek future employment with the agency; the GSA agreed, inter alia, to assist him with his application for disability retirement.

Within 30 days of executing the settlement agreement, Trobovic notified the board that he rescinded the agreement, and proceeded to refile his withdrawn appeals. He further averred that the settlement agreement was invalid. Specifically, Trobovic alleged that (1) both parties mistakenly believed that he would qualify for disability retirement, (2) he was entitled to a 30-day review period before accepting the agreement, (3) Asperger's Syndrome prevented him from understanding the legal

significance of signing the settlement agreement, and (4) the agency fraudulently induced him to sign the agreement. The board considered and rejected each of his arguments and concluded that the settlement agreement was lawful on its face, freely entered into, and understood by the parties. The board found that Trobovic was assisted by a union representative throughout the mediation negotiations and that his medical condition did not render him incapable of understanding the meaning and legally binding nature of the settlement agreement. Further, contrary to Trobovic's assertion, there is no provision for a 30-day review period during which an already executed settlement agreement can be unilaterally rescinded. Accordingly, the board upheld the validity of the settlement agreement, and based on its terms found that Trobovic withdrew his appeals, thereby divesting the board of jurisdiction to address the merits of his claims.

We must affirm the final decision of the board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c). The plain language of the settlement agreement rebuts Trobovic's arguments with respect to mutual mistake, fraud, and coercion, and supports the board's conclusion that the bilateral agreement was voluntarily executed. The settlement agreement is drafted in plain English and states that Trobovic agreed to withdraw his appeals and abstain from seeking money damages or reemployment with the agency; in exchange, the agency agreed to, inter alia, expunge certain documents from his official personnel file, refrain from contesting his pending Workers' Compensation claims, and assist him with the filing of his disability retirement application. Nowhere in the agreement does GSA guarantee that his disability

retirement application will be approved. The agreement also contains a merger clause and confirms that Trobovic (1) read and understood the entire document, (2) had adequate time to reflect upon the terms of the agreement in consultation with his representative, and (3) signed it free from coercion while agreeing not to claim otherwise in the future.

With respect to Trobovic's argument that Asperger's Syndrome rendered him incompetent to contract, the board properly considered and weighed the credibility of his testimony and psychiatric evaluations, and concluded he was competent to contract. Substantial evidence supports the board's conclusion. Because the settlement agreement became effective and binding when formed on August 1, 2007, the board correctly concluded that Trobovic voluntarily withdrew his appeals, with prejudice, and prospectively agreed not to seek reemployment with the agency. The board was therefore divested of jurisdiction over the withdrawn appeals, and properly dismissed Trobovic's attempt to refile them. The board was also correct to dismiss, as settled, Trobovic's subsequent appeals related to the agency's decision not to rehire him.