NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TARIKU H. KEIRA,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3082

---

Petition for review of the Merit Systems Protection Board in case no. AT3443090686-I-1.

---

Decided: October 7, 2010

---

TARIKU H. KEIRA, of Lauderdale Lakes, Florida, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, PROST, and MOORE, *Circuit Judges*.

PER CURIAM.

Petitioner Tariku H. Keira ("Keira") appeals the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. *Keira v. Office of Pers. Mgmt.*, No. AT3443090686-I-1 (M.S.P.B. Dec. 18, 2009) ("*Final Order*"). We *affirm*.

## BACKGROUND

Keira, as well as his siblings, Evelyn-White Jackson, Perry White, and Regina Turner, applied to the Office of Personnel Management ("OPM") for lump sum death benefits based on the federal service of their deceased brother, Lloyd White ("White"). Keira was appointed as the representative of his three siblings.

OPM, however, paid White's lump sum death benefits to three individuals who claimed to be White's children, namely Lakesha Robinson, Lucious Robinson, and Lloron Robinson. As such, OPM issued an initial decision denying Keira's application for the benefits and affirmed its initial decision in a reconsideration decision on February 8, 2008. In March 2008, Keira appealed OPM's reconsideration decision to the Board. On May 5, 2008, OPM notified the Board that it completely rescinded its reconsideration decision. On May 21, 2008, the Board dismissed Keira's appeal for lack of jurisdiction in light of OPM's rescission of its reconsideration decision.

On May 19, 2009, Keira filed a motion with the Board to re-open the appeal. Thereafter, on June 11, 2009, the administrative judge issued an acknowledgement order in which the administrative judge ordered Keira to file evidence or argument regarding the Board's jurisdiction.

After Keira provided arguments regarding the Board's jurisdiction, OPM moved to dismiss the appeal for lack of jurisdiction, stating that OPM will issue a reconsideration decision after reviewing all information regarding the proper payee of the death benefits. On July 17, 2009, the administrative judge ordered OPM to submit an affidavit or declaration under penalty of perjury outlining the procedure it is following to determine the proper payee. OPM submitted a declaration, under penalty of perjury, outlining the steps it would take to determine the proper payee and to issue a new reconsideration decision. OPM declared that it is waiting on additional evidence from the competing claimants and that, whether it received the evidence or not, it would determine the proper payee and issue a new reconsideration decision.

On August 6, 2009, the administrative judge issued an initial decision dismissing Keira's appeal for lack of jurisdiction. The administrative judge reasoned that the Board did not have jurisdiction because OPM rescinded its reconsideration decision, which divests the Board of jurisdiction over an appeal. The administrative judge further concluded that the case did not fall under the exception to this general rule recognized in *McLaughlin v. Office of Personnel Management*, 62 M.S.P.R. 536 (1994), in light of OPM's declaration stating its intent to issue a reconsideration decision and detailing its procedure for determining the proper payee.

On December 18, 2009, the Board denied Keira's petition for review of the initial decision. *Final Order* at 1-2. The initial decision therefore became the final decision of the Board. *Id.* Keira appeals the Board's final decision to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

The issue of whether the Board has jurisdiction over an appeal is a question of law, which we review without deference to the Board's determination of the issue. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999). The appellant bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008).

I

An individual whose rights or interests under the Civil Service Retirement System are affected by a "final decision" of OPM may appeal the decision to the Board. 5 C.F.R. § 831.110; *Parker v. Office of Pers. Mgmt.*, 74 M.S.P.R. 131, 133 (1997). For the Board to have jurisdiction over such an appeal, there must be a final decision of OPM. *Tatum v. Office of Pers. Mgmt.*, 82 M.S.P.R. 96, 99 (1999). A "final decision" is a decision that OPM issues after a request for reconsideration of an initial decision, i.e., a reconsideration decision, or a decision that OPM designates as a final decision. 5 C.F.R. § 831.109(f).

If OPM completely rescinds a reconsideration decision, the Board no longer has jurisdiction over the appeal in which that decision is at issue and must dismiss the appeal. *Nebblett v. Office of Pers. Mgmt.*, 237 F.3d 1353, 1356 (Fed. Cir. 2001); *Snyder v. Office of Pers. Mgmt.*, 136 F.3d 1474, 1476 (Fed. Cir. 1998); *Smith v. Office of Pers. Mgmt.*, 113 M.S.P.R. 259, 261 (2010). The Board, however, has recognized a limited exception to this general rule under circumstances in which "dismissal of the appeal could effectively prevent an appellant from obtaining an adjudication of his claim." *McLaughlin v. Office of*

*Pers. Mgmt.*, 62 M.S.P.R. 536, 546-47 (1994); *see Richards v. Office of Pers. Mgmt.*, 29 M.S.P.R. 310, 312 (1985). The Board has found this exception applicable where it appeared that OPM had no intention of issuing a reconsideration decision or other further decision in the case. *McLaughlin*, 62 M.S.P.R. at 547; *Richards*, 29 M.S.P.R. at 312. Moreover, the Board has recognized that the exception applies where OPM "improperly failed to respond to the appellant's repeated requests for a decision." *McNeese v. Office of Pers. Mgmt.*, 61 M.S.P.R. 70, 74 (1994); *Garcia v. Office of Pers. Mgmt.*, 31 M.S.P.R. 160, 161 (1986).

Here, because OPM completely rescinded its reconsideration decision and has not yet issued a new reconsideration decision, we agree with the Board's determination that it did not have jurisdiction over Keira's appeal. We, like the Board, conclude that the circumstances of this case do not fall under the recognized exception to the general rule, requiring an OPM reconsideration decision for the Board to have jurisdiction over an appeal, or warrant another exception to this rule. In contrast to cases like *McLaughlin*, 62 M.S.P.R. 536 (1994) and *Richards v. Office of Personnel Management*, 29 M.S.P.R. 310 (1985), in which it appeared that OPM had no intention of issuing a further decision, OPM here has repeatedly stated its intent to issue a new reconsideration decision in its motion to dismiss Keira's appeal and its declaration outlining the procedure being followed to determine the proper payee. Further, OPM has not improperly failed to respond to Keira's requests for a decision and instead has provided a reason for the delay in issuing a reconsideration decision. Specifically, OPM has explained that it is waiting on additional evidence from the competing claimants for the lump sum death benefits and, whether it receives the evidence or not, it will determine the proper payee and issue a new reconsideration decision. Under

these circumstances where OPM is still processing Keira's claim, dismissal of Keira's appeal will not "effectively prevent [him] from obtaining an adjudication of his claim." *See McLaughlin*, 62 M.S.P.R. at 546-47.

We recognize that the delay in resolution of this case is unfortunate for Keira and his siblings. Yet this is a complex case, which involves multiple claimants and paternity as well as sibling determinations regarding a deceased individual. Further, it is important that OPM make a fully informed decision to ensure its correctness because it is difficult for OPM to recover lump sum benefits once paid. In light of these circumstances and OPM's representations that it intends to issue a reconsideration decision and is seeking additional evidence from the competing claimants, we cannot conclude that OPM has constructively denied Keira's benefits. *See McNeese*, 61 M.S.P.R. at 74 (concluding that delay in issuing reconsideration decision of more than sixteen months did not warrant application of the exception where OPM's only explanation for the delay was its workload and substantial backlog of cases).

Accordingly, we conclude that the Board properly found that, without a reconsideration decision from OPM, it did not have jurisdiction over Keira's appeal. We trust and expect that OPM will act expeditiously to bring resolution to this case.

## II

In his briefing, Keira objects to the Board's dismissal of his appeal without a live hearing. An appellant is not entitled to a hearing unless he presents a non-frivolous allegation that the Board has jurisdiction over his appeal. *Herman*, 193 F.3d at 1382. Because "[t]he determination

of whether an allegation of jurisdiction is non-frivolous is made based entirely on the written record," a hearing on this issue is "unnecessary." *Kahn*, 528 F.3d at 1341. Here, the Board properly determined that it did not have jurisdiction without a hearing. As the above analysis shows, Keira did not make a non-frivolous allegation of the Board's jurisdiction because OPM has not yet issued a new reconsideration decision in this case.

CONCLUSION

For the reasons set forth above, we affirm the Board's dismissal of Keira's appeal for lack of jurisdiction.

COSTS

Each party shall bear its own costs.

**AFFIRMED**