NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALFRED B. CHARLES,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3196

---

Petition for review of the Merit Systems Protection Board in No. NY0353110263-I-1.

---

Decided: April 8, 2013

---

ALFRED B. CHARLES, of South Ozone Park, New York, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were BRYAN G. POLISUK, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel

---

Before MOORE, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Alfred B. Charles appeals from a final order of the Merit Systems Protection Board (Board) dismissing his claim as barred by the doctrine of collateral estoppel. *Charles v. U.S. Postal Serv.*, No. NY0353110263-I-1 (M.S.P.B. July 5, 2012) (*Final Order*).  For the reasons discussed below, we *affirm*.

## BACKGROUND

Mr. Charles was employed as an electronic technician at the U.S. Postal Service (Agency).  In January 2008, he filed a claim for an on-the-job back injury with the Office of Workers' Compensation Programs (OWCP) and stopped reporting for work.  About a month later, the Agency offered Mr. Charles a modified assignment, but he refused.  The OWCP later found that the modified assignment was suitable.

On March 10, 2008, the OWCP denied the injury claim because Mr. Charles failed to establish that his employment had caused his medical condition.  On March 24, 2008, Mr. Charles returned to work unannounced and was asked to leave the workplace.  Mr. Charles then filed another claim with the OWCP for an injury that allegedly occurred on March 24.  The OWCP denied that claim, and the Agency removed Mr. Charles effective August 15, 2008 for providing inaccurate information on his March 2008 OWCP claim.

In October 2009, Mr. Charles requested restoration as a partially recovered employee, but the Agency declined to restore him.  Mr. Charles appealed this decision to the Board.  The Administrative Judge (AJ) dismissed the appeal for lack of jurisdiction.  *Charles v. U.S. Postal Serv.*, No. NY0353100036-I-1 (M.S.P.B. Dec. 10, 2009) (*Restoration Decision*).  The AJ held that Mr. Charles failed to make a nonfrivolous claim for restoration be-

cause he had been removed for cause. *Id.* at 7. The AJ noted that the "documentation provided by the [A]gency demonstrates that he was removed for making a false claim to the OWCP." *Id.* Thus, the AJ concluded that Mr. Charles was not eligible to be restored because he had been removed for filing a false claim. That decision became final when the Board denied Mr. Charles's petition for review. *Charles v. U.S. Postal Serv.*, 114 M.S.P.R. 81 (2010) (Table). In parallel, the AJ reviewed Mr. Charles's appeal of his removal and dismissed that claim for lack of jurisdiction as well. *Charles v. U.S. Postal Serv.*, NY075210037-I-1 (M.S.P.B. Dec. 18, 2009) (*Removal Decision*). Mr. Charles did not appeal either decision.

In March 2011, the OWCP reversed its own determination regarding Mr. Charles's January 2008 back injury claim, finding that it was work-related. The OWCP did not opine on the March 2008 claim. Mr. Charles then filed a third appeal, claiming that "I got injured on the job which was accepted by OWCP" and that "the Postal Service failed to restore me." J.A. 47. He also alleged that "I did not commit fraud nor intended to commit fraud on any of my injury claims." *Id.* at 48.

The AJ dismissed the appeal for lack of jurisdiction. *Charles v. U.S. Postal Serv.*, No. NY0353110263-I-1 (M.S.P.B. Sept. 14, 2011) (*Initial Decision*). The AJ explained that the Board had already resolved Mr. Charles's challenge to the Agency's refusal to restore him in the *Restoration Decision*. *Id.* at 8. The AJ held that the OWCP's acceptance of Mr. Charles's *January 2008* injury claim did not undermine the *Restoration Decision* because the Agency's determination that the *March 2008* claim was false remained unaffected. *Id.* at 9. The AJ therefore concluded that Mr. Charles was collaterally estopped from relitigating his claim. *Id.* at 10. The full Board affirmed, adopting the AJ's reasoning and noting further that "there is no new, previously unavailable, evidence" to support Mr. Charles's contention that the AJ

made an "error in law or regulation that affects this outcome." *Final Order* at 4–5.

Mr. Charles appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review *de novo* the question of whether the Board has jurisdiction to adjudicate an appeal. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). Nevertheless, we are bound by the Board's underlying fact findings "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

Mr. Charles argues that the Board failed to take into account his January 2008 traumatic injury, which was "directly related" to the alleged injury during his return to work on March 24, 2008. Pet. Br. 1. He also contends that the Agency did not offer him accommodation for the January 2008 injury because the modified assignment was "so unreasonable that it amounted to arbitrary and capricious denial of restoration." *Id.* Mr. Charles contends that the OWCP's reversal of its position on the January 2008 injury calls into question its determination that the Agency's modified assignment offer was suitable.

Mr. Charles also argues that the OWCP did not find that he tendered a fraudulent claim for the March 24 injury. He contends that the *Restoration Decision* affirming removal for cause was "grossly unfair." *Id.* at 2. Mr. Charles explains that, after his appearance at work on March 24, he meant to make a claim for a *recurrence* of the January 2008 injury, but the Agency mistakenly gave him a form for reporting new traumatic injuries. Mr. Charles contends that the determination that his March 2008 claim was false cannot stand because he never intended to assert that he had a new traumatic injury. Furthermore, Mr. Charles argues that the recurrence of

his back problems on March 24 occurred during the performance of his duties, which undermines the Agency's basis for removing him for making a false claim of a work-related injury. He contends that the true reason that that the Agency terminated him was his refusal to accept the modified assignment. Mr. Charles argues that he refused the assignment in good faith because it was "unsuitable" due to his "physical limitation." Reply Br. 6.

The government counters that the Board correctly found that the *Restoration Decision* resolved the same issues that are presented in this appeal: (1) whether the agency arbitrarily denied Mr. Charles an appropriate assignment prior to his removal and (2) whether the agency removed him for a cause unrelated to a compensable injury. The government argues that the OWCP's changed evaluation of Mr. Charles's January 2008 injury is irrelevant because it does not affect the resolution of either of these issues. The government contends that jurisdiction in this case and in the *Restoration Decision* turns on whether that Mr. Charles was removed for cause, and that the Board had already answered that question in the affirmative in the *Restoration Decision*. The government argues Mr. Charles is therefore precluded by collateral estoppel from relitigating the question of whether he made a nonfrivolous restoration claim.

We agree with the government that Mr. Charles's claim is barred. "Like other tribunals, the Board may apply collateral estoppel where: (i) the issue previously adjudicated is identical with that now presented, (ii) that issue was actually litigated in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." *Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274–75 (Fed. Cir. 2005). The AJ in the *Restoration Decision* determined that Mr. Charles was separated from work not because of a compensable injury, but because he was removed for cause. *Restora-*

*tion Decision* at 7. That factual issue was actually litigated and was necessary to resolving that case. Although the AJ also examined whether the Agency's February 2008 modified assignment offer was reasonable, *id.*, that issue could not have provided an alternative basis for the decision. The purpose of Mr. Charles's legal challenge was to force the Agency to take him back, not to request a different assignment. Mr. Charles presses that challenge again in this case, but it was already resolved in the *Restoration Decision*. Lastly, it is undisputed that Mr. Charles was a party to the prior action.

The fact that the OWCP recharacterized Mr. Charles's January 2008 injury as work-related does nothing to disturb the preclusive effect of the *Restoration Decision*. In that decision, the Board determined that Mr. Charles was removed for cause because of a false claim arising from the March 2008 injury, not the January 2008 injury. Thus, in the decision now on appeal, the Board did not err when it concluded that Mr. Charles was collaterally estopped from relitigating his arguments for restoration.

We have considered Mr. Charles's other arguments and find them to be without merit. Because the Board correctly held that Mr. Charles's appeal is barred by collateral estoppel, we *affirm*.

**AFFIRMED**

COSTS

No costs.