NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARIA HAVRILLA,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3122

---

Petition for review of the Merit Systems Protection Board in No. PH-844E-14-0473-I-1.

---

Decided: November 7, 2014

---

MARIA HAVRILLA, of Scranton, Pennsylvania, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before DYK, PLAGER, and MOORE, *Circuit Judges.*

PER CURIAM.

Maria Havrilla appeals from the final decision of the Merit Systems Protection Board (MSPB) dismissing for lack of jurisdiction her appeal from an Office of Personnel Management's (OPM) decision denying her application for disability retirement benefits under the Federal Employees Retirement System. Because the MSPB correctly determined that it lacked jurisdiction over Ms. Havrilla's appeal, we affirm.

BACKGROUND

Ms. Havrilla filed an application with OPM requesting that it convert her early retirement from her position at the U.S. Department of Justice into a disability retirement. OPM issued its initial decision informing Ms. Havrilla that her application for disability retirement was incomplete and lacked the necessary medical evidence and required supporting documentation for OPM to make a determination on her claim. OPM noted the missing forms in its decision and enclosed copies of the missing forms for Ms. Havrilla to complete. Ms. Havrilla requested reconsideration of OPM's initial decision and indicated that she would send additional information about her disability and requested an additional thirty calendar days to do so. Despite affording Ms. Havrilla additional time to submit the necessary medical and administrative documentation, OPM claimed that it did not receive any additional evidence required to process the disability application. OPM issued its reconsideration decision sustaining its original decision and dismissing Ms. Havrilla's disability retirement application.

Ms. Havrilla timely appealed OPM's decision to the MSPB. In her appeal Ms. Havrilla alleged that she sent OPM additional documentation to support her application for disability retirement. Shortly after Ms. Havrilla filed her appeal, OPM decided to rescind its reconsideration

decision and grant Ms. Havrilla disability benefits and thus filed a motion before the MSPB requesting that it dismiss Ms. Havrilla's appeal for lack of jurisdiction. According to OPM, it reviewed all the medical evidence Ms. Havrilla submitted and determined that she submitted sufficient documentation to establish her entitlement to disability retirement benefits.

The administrative judge (AJ) issued an Initial Decision granting OPM's motion and dismissing Ms. Havrilla's appeal for lack of jurisdiction. The AJ determined that OPM's rescission of its reconsideration decision divested the MSPB of jurisdiction over the appeal. The Initial Decision became the MSPB's Final Decision because a petition for review was not filed in the matter. Ms. Havrilla appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Whether the MSPB has jurisdiction to adjudicate an appeal is a question of law, which we review *de novo*. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). The appellant bears the burden of establishing the MSPB's jurisdiction by a preponderance of the evidence. *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008).

We find that the MSPB properly dismissed Ms. Havrilla's appeal for lack of jurisdiction. The MSPB's jurisdiction is limited to those matters over which it has been specifically granted jurisdiction by a law, rule, or regulation. 5 U.S.C. § 7701(a); *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998). A final decision of OPM "affecting the rights or interests of an individual or of the United States" is a jurisdictional prerequisite to a MSPB appeal involving a claim under the civil service retirement statutes. *See* 5 U.S.C. §§ 8347(d), 8461(e); 5 C.F.R. §§ 831.110, 841.308. Absent an OPM final or reconsideration decision, the MSPB lacks jurisdiction to

review an appellant's retirement claims. As such, where the OPM has rescinded its decision, as it did in this case, the rescission divests the MSPB of its jurisdiction. *See, e.g., Keira v. Merit Sys. Prot. Bd.*, 396 F. App'x 703, 704 (Fed. Cir. 2010). While there is a recognized exception to this rule, it only applies in cases where it is evident that OPM does not intend to issue another final decision. *See id.* at 704–05. Ms. Havrilla's appeal is not such a case. Here, OPM indicated that upon receipt of the Initial Decision, it would "forward the case file to the appropriate office to determine the monetary benefit payable." J.A. 20. While OPM has not yet processed Mr. Havrilla's disability benefits, we do not find that OPM's delay in granting those benefits suggests that OPM does not intend to grant them. Under these circumstances, the MSPB properly dismissed Ms. Havrilla's appeal for lack of jurisdiction.

Ms. Havrilla argues that the MSPB erred by dismissing her appeal for lack of jurisdiction without deciding whether OPM should be required to waive her obligation to repay a separation incentive that she received upon her early retirement. We disagree. At the time of Ms. Havrilla's appeal to the MSPB, OPM had made no determination regarding waiver of her separation incentive. As such, there was no final decision from OPM regarding waiver of the separation incentive and thus the MSPB did not have jurisdiction over this question. *See* 5 U.S.C. §§ 8347(d), 8461(e); 5 C.F.R. §§ 831.110, 841.308. The sole issue before the MSPB was whether OPM improperly denied Ms. Havrilla's application for disability retirement benefits and, as a result, the MSPB was divested of its jurisdiction when OPM rescinded its decision to deny Ms. Havrilla's

application for those benefits.[1]

CONCLUSION

Because the MSPB correctly determined that it lacked jurisdiction over Ms. Havrilla's appeal, we *affirm*.

**AFFIRMED**

COSTS

No costs.

---

[1]    Ms. Havrilla also contends that she never received OPM's motion to dismiss her appeal despite the certificate of service showing it was mailed to her; and therefore, never had an opportunity to respond.  This does not change our analysis.  Even if Ms. Havrilla never received OPM's motion, she was not harmed by this error in service.  OPM rescinded its reconsideration decision, and any opposition by Ms. Havrilla would not have changed the fact that the Board no longer had jurisdiction over her appeal.  *Keira*, 396 F. App'x at 704.