NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————————

**NICHOLAS S. TROBOVIC,**

*Petitioner*

**v.**

**GENERAL SERVICES ADMINISTRATION,**

*Respondent*

———————————————

2014-3212

———————————————

Petition for review of the Merit Systems Protection Board in No. NY-0353-07-0004-C-2.

-----------------------------------------------------------------------

**NICHOLAS S. TROBOVIC,**

*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent*

———————————————

2015-3025

———————————————

Petition for review of the Merit Systems Protection Board in No. PH-831E-12-00241-I-3.

————————————

Decided: April 8, 2015

————————————

NICHOLAS S. TROBOVIC, Berwyn, PA, pro se.

P. DAVIS OLIVER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent in 2014-3212. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent in 2015-3025. Also represented by BRYAN G. POLISUK.

————————————

Before DYK, MAYER, and REYNA, *Circuit Judges.*

PER CURIAM.

These two consolidated appeals stem from a settlement agreement between Nicholas S. Trobovic and the General Services Administration ("GSA"). In one appeal (2014-3212), the Merit Systems Protection Board ("Board") denied Trobovic's petition to enforce the settlement agreement because Trobovic materially breached that agreement. In the other appeal (2015-3025), the Board dismissed Trobovic's challenge to the Office of Personnel Management's ("OPM") decision to deny his application for disability retirement benefits because OPM rescinded that denial and granted Trobovic benefits. We affirm.

BACKGROUND

On June 15, 2005, while employed as a building management specialist at GSA, Trobovic suffered a back injury, which was ultimately determined by the Department of Labor's Office of Workers' Compensation Programs to be compensable. Trobovic was then placed on leave without pay status, and GSA sought to remove him from service based on his unavailability for work due to his medical condition. One year later, Trobovic applied for a budget analyst position with GSA, and GSA denied his application. Following the denial of his application, Trobovic brought several appeals to the Board, claiming constructive suspensions and violations of his restoration to duty rights as a medically-disqualified employee. Trobovic agreed to participate in the Board's Mediation Appeals Process, and on August 1, 2007, the parties entered into a settlement agreement as to all issues in his pending appeals (the "settlement agreement").

Pursuant to the settlement agreement, Trobovic agreed, *inter alia*, (1) to withdraw all pending litigation against GSA with prejudice and not file any future claims involving the same issues; (2) not to contest his removal from service for unavailability for work; and (3) not to seek future employment with GSA. GSA agreed, *inter alia*, to "assist [Trobovic] with the filing of his application for disability retirement." 14-3212 App. 46. Within thirty days of executing the settlement agreement, Trobovic notified the Board that he rescinded the agreement, and refiled his withdrawn appeals.

Trobovic then challenged the validity of the agreement before the Board. When the Board rejected his challenges, Trobovic appealed to this court, and we affirmed the validity of the settlement agreement and held that Trobovic failed to establish that GSA violated the settlement agreement's assistance provision. *See Trobo-*

*vic v. Gen. Servs. Admin.*, 328 F. App'x 643, 645 (Fed. Cir. 2009); *Trobovic v. Gen. Servs. Admin.*, 345 F. App'x 584, 585 (Fed. Cir. 2009); *Trobovic v. Gen. Servs. Admin.*, 370 F. App'x 112, 115 (Fed. Cir. 2010).

On May 28, 2012, Trobovic filed a petition for enforcement with the Board, continuing to argue that GSA failed to comply with the terms of the settlement agreement. The Board denied his petition because Trobovic materially breached the settlement agreement prior to any alleged breach by GSA by filing new appeals and continuing to apply for employment with GSA. In appeal No. 2014-3212, Trobovic appeals the Board's denial of his petition for enforcement of the settlement agreement.

Meanwhile, on September 3, 2008, Trobovic filed an application for disability retirement benefits with OPM, which was ultimately denied on January 26, 2012, because Trobovic failed to show that his cited medical conditions caused him to be disabled prior to his removal. Trobovic appealed to the Board, which dismissed his appeal for lack of jurisdiction because while the appeal was pending OPM had rescinded its January 26, 2012, decision and granted Trobovic disability benefits. In appeal No. 2015-3025, Trobovic appeals the Board's dismissal of his disability benefits appeal for lack of subject matter jurisdiction on mootness grounds. We have jurisdiction pursuant to 5 U.S.C. § 7703(b).

## DISCUSSION

Our review of the Board is limited. We must affirm unless the Board's decision was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Biggers v. Dep't of the Navy*, 745 F.3d 1360, 1362 (Fed. Cir. 2014). We review the Board's jurisdiction over an

appeal de novo. *See Keira v. Merit Sys. Prot. Bd.*, 396 F. App'x 703, 704 (Fed. Cir. 2010) (citing *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999)).

In appeal No. 2014-3212, Trobovic argues that GSA violated the terms of the settlement agreement by failing to provide medical evidence and various forms to OPM in connection with his application for disability benefits. As the Board found, Trobovic materially breached two provisions of the settlement agreement prior to GSA's alleged breach by filing new appeals with the Board and applying for employment with GSA. Thus, even if GSA's failure to provide the requested documents to OPM breached the settlement agreement, Trobovic's prior material breach discharged GSA's contractual obligations. *See Hometown Fin., Inc. v. United States*, 409 F.3d 1360, 1370 (Fed. Cir. 2005) ("Under general contract principles, a party sued for breach of contract may defend on a theory that its nonperformance is excused because the other contracting party committed the first material breach."). In any event, GSA did not breach the settlement agreement by failing to provide the requested medical evidence; this issue was addressed and resolved in our earlier decision in Trobovic's prior appeal:

> It appears that Mr. Trobovic misunderstands the level of assistance that GSA is required to provide him under the terms of the settlement agreement. The settlement agreement does not state that GSA must provide medical evidence of Mr. Trobovic's unfitness for duty to OPM, or that GSA must file a disability retirement application on Mr. Trobovic's behalf.

*Trobovic*, 370 F. App'x at 115. Thus, Trobovic is collaterally estopped from raising these issues on appeal. *See Charles v. Merit Sys. Prot. Bd.*, 513 F. App'x 974, 977 (Fed. Cir. 2013).

In appeal No. 2015-3025, Trobovic argues that the Board erroneously dismissed his appeal of the denial of disability compensation for lack of jurisdiction, repeating his argument that GSA breached the settlement agreement. Trobovic fails to establish that he did not receive the entirety of the relief that he sought because OPM rescinded the decision on appeal and granted Trobovic's application for disability compensation. *See Havrilla v. Merit Sys. Prot. Bd.*, 582 F. App'x 881, 882 (Fed. Cir. 2014) ("[W]here the OPM has rescinded its decision . . . the rescission divests the [Board] of its jurisdiction."); *Keira*, 396 F. App'x at 704 ("If OPM completely rescinds a reconsideration decision, the Board no longer has jurisdiction over the appeal in which that decision is at issue and must dismiss the appeal."). The Board did not err in dismissing Trobovic's appeal for lack of subject matter jurisdiction.

We have considered Trobovic's remaining arguments, and find them to be without merit.[1]

**AFFIRMED**

---

[1] To the extent that Trobovic seeks to set aside the settlement agreement, we see no error in the Board's determination that a petition for enforcement is not the proper vehicle for doing so. In any event, we rejected Trobovic's attempt to set aside the settlement agreement in his prior appeal. *See* 345 F. App'x at 584.