NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARK A. STAPLES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1113

---

Petition for review of the Merit Systems Protection Board in No. DE-0842-16-0117-I-1.

---

Decided: April 10, 2017

---

MARK A. STAPLES, Albuquerque, NM, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

---

Before WALLACH, CLEVENGER, and SCHALL, *Circuit Judges.*

PER CURIAM.

Mark A. Staples seeks review of the final decision of the Merit Systems Protection Board (the "Board") dismissing his appeal of a reconsideration decision of the Office of Personnel Management ("OPM") for lack of jurisdiction. *Staples v. Office of Pers. Mgmt.*, No. DE-0842-16-0117-I-1, 2016 WL 4547602 (M.S.P.B. Aug. 26, 2016). The Board dismissed Mr. Staples's appeal of OPM's decision concerning the computation of his annuity because OPM rescinded its decision with the intention to issue a new, appealable decision. This court *affirms*.

I

Mr. Staples retired from the position of Primary Examiner at the U.S. Patent and Trademark Office within the Department of Commerce on November 13, 2013. He applied for and was granted Federal Employees Retirement System ("FERS") disability retirement annuity benefits, which were reduced by varying portions of his Social Security disability benefits. On September 22, 2014, Mr. Staples requested that OPM make an annuity calculation decision, arguing that his disability retirement annuity should not be reduced by the amount of his Social Security disability benefits. OPM then issued a decision rejecting Mr. Staples's argument and stating that it had correctly calculated his retirement benefits in accordance with the applicable laws and regulations. On July 16, 2015, Mr. Staples requested reconsideration of OPM's initial decision and on November 19, 2015, OPM issued a reconsideration decision affirming its initial decision.

On December 16, 2015, Mr. Staples filed an appeal of OPM's November 19 reconsideration decision. On January 20, 2016, OPM filed a motion to dismiss, stating that it had rescinded its reconsideration decision and intended to issue a new reconsideration decision. The next day, Mr. Staples filed a response, arguing that OPM's rescission of the reconsideration decision should not strip the

Board of jurisdiction over his appeal. However, his response did not assert any additional independent source of Board jurisdiction over his appeal. On February 9, 2016, the administrative judge issued an initial decision dismissing Mr. Staples's appeal for lack of jurisdiction because the agency's rescission of its reconsideration decision with intent to issue a new decision divested the Board of jurisdiction. On August 26, 2016, the Board affirmed the February 9, 2016 initial decision and adopted it as the final decision of the Board. The Board agreed with the administrative judge's finding that the Board lacked jurisdiction over an appeal where OPM rescinded its reconsideration decision. The Board rejected the remainder of Mr. Staples's arguments, finding that none of them affected its jurisdictional holding.

Mr. Staples timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

This court will affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without required procedure; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1034 (Fed. Cir. 1993). The Board's dismissal of an appeal for lack of jurisdiction presents an issue of law that we review without deference. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under FERS after OPM has issued a final decision. 5 U.S.C. § 8461(e); 5 C.F.R. § 841.308. A decision of OPM concerning FERS benefits constitutes a final decision if it is a reconsideration decision or an initial decision designated as a final decision. 5 C.F.R. §§ 841.306, 307; *Havrilla v. Merit Sys. Prot. Bd.*, 582 F. App'x 881, 882 (Fed. Cir. 2014). OPM's complete rescission of a reconsideration decision divests

the Board of jurisdiction over an appeal and the appeal must be dismissed. *Keira v. Merit Sys. Prot. Bd.*, 396 F. App'x 703, 704 (Fed. Cir. 2010) (citing *Nebblett v. Office of Pers. Mgmt.*, 237 F.3d 1353, 1356 (Fed. Cir. 2001)); *Frank v. Office of Pers. Mgmt.*, 113 M.S.P.R. 164, 166 (2010). However, the Board will assert jurisdiction over an appeal concerning a retirement matter where OPM has refused or improperly failed to issue a final decision. *McNeese v. Office of Pers. Mgmt.*, 61 M.S.P.R. 70, 74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A); *Forest*, 47 F.3d at 410.

On appeal, Mr. Staples makes several arguments as to why the Board should hear his case. First, he alleges that the Board erred in relying on *Frank v. Office of Personnel Management* to find that it lacks jurisdiction over his appeal. Mr. Staples argues that *Frank* is factually distinct from his case and thus it should not have been considered as precedent. Next, Mr. Staples contends that OPM made misrepresentations to the Board about its consideration of the case. These misrepresentations specifically include its statements that it needed to obtain more documents from Mr. Staples and that an issue in the case was overpayment. Finally, Mr. Staples alleges that he has been denied due process and equal protection in his appeal. He contends that he was denied his right to a hearing at the Board and thus was unable to meaningfully participate in his appeal. He also alleges generally that disabled Federal retirees are not granted due process and equal protection before OPM. We address Mr. Staples's arguments in turn.

First, the Board did not err in relying on *Frank* for the rule that OPM's complete rescission of a reconsideration decision terminates the Board's jurisdiction over an appeal of that decision. The Board relied on *Frank* for the rule it identifies and not as a factual comparison. Thus,

Mr. Staples's argument that the Board improperly considered the facts of *Frank* is without merit.

In this case, the Board properly relied on the rule set forth in *Frank* (and multiple other Board decisions) to find that OPM's letter rescinding its decision divested the Board of its jurisdiction over Mr. Staples's appeal. *See Frank*, 113 M.S.P.R. at 166 ("If OPM completely rescinds a reconsideration decision, its rescission divests the Board of jurisdiction over the appeal in which that reconsideration decision is at issue, and the appeal must be dismissed."); *see also Rorick v. Office of Pers. Mgmt.*, 109 M.S.P.R. 597, 599 (2008) (same); *Glasgow v. Office of Pers. Mgmt.*, 103 M.S.P.R. 531, 533 (2006) (same). This court has repeatedly endorsed that rule. *See, e.g., Keira*, 396 F. App'x at 704 ("If OPM completely rescinds a reconsideration decision, the Board no longer has jurisdiction over the appeal in which that decision is at issue and must dismiss the appeal."); *Nebblett v. Office of Pers. Mgmt.*, 237 F.3d 1353, 1356 (Fed. Cir. 2001) (same); *Snyder v. Office of Pers. Mgmt.*, 136 F.3d 1474, 1476 (Fed. Cir. 1998) (same). On January 20, 2016, OPM sent a letter to the administrative judge in this case stating that "OPM hereby rescinds its final decision of November 19, 2015, decision. . . . OPM will take another look at the overpayment in question and render a new decision and give appeal rights accordingly." Respondent's Supp. App'x 21. This letter is a clear statement indicating that OPM completely rescinded its decision, thereby divesting the Board of jurisdiction.

Mr. Staples's arguments about OPM's alleged misrepresentations to the Board, even if true, do not identify a basis for Board jurisdiction. *See, e.g., Smith v. Office of Pers. Mgmt.*, 113 M.S.P.R. 259, 261 (2010) (finding that the Board lacked jurisdiction over OPM's denial of disability retirement benefits under FERS because OPM rescinded the reconsideration decision, despite appellant's complaint of a delay in receiving his benefits). Mr. Sta-

ples does not dispute that OPM rescinded its reconsideration decision and intends to issue a new final decision after reexamining his case. Additionally, Mr. Staples fails to allege that OPM refused or improperly failed to issue a final decision. *See McNeese*, 61 M.S.P.R. at 74 (finding that the Board lacked jurisdiction over an appeal despite OPM's alleged 16-month delay in issuing a reconsideration decision because OPM explained that it had a backlog of cases). Mr. Staples may, if he chooses, make these arguments regarding OPM's statements after OPM issues its new decision but this court will not consider them here.

Finally, we find Mr. Staples's remaining arguments regarding due process and equal protection unpersuasive. Mr. Staples complains that he was denied a hearing, but the Board's rules permit a hearing on the merits only if the Board has jurisdiction over an appeal. 5 C.F.R. § 1201.24(d). Because the Board lacked jurisdiction here, Mr. Staples was not entitled to a hearing. Besides being denied a hearing, Mr. Staples has not offered any details as to how his appeal was affected by his age, disability, health, or pro se status.

CONCLUSION

Our opinion today does not mean that Mr. Staples's claim to his disability retirement annuity benefits has been denied. Because OPM rescinded its initial decision, the Board was required to dismiss Mr. Staples' appeal to allow OPM to reconsider his case. If Mr. Staples does not agree with OPM's decision upon reconsideration, he may file a new appeal at the Board. Because we agree with the Board that OPM's rescission of its reconsideration decision divested the Board of jurisdiction, this court affirms the Board's dismissal of Mr. Staples's appeal for lack of jurisdiction.

**AFFIRMED**

## Costs

No Costs.