NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NIKOLAY TIKHONOV,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1374

---

Petition for review of the Merit Systems Protection Board in No. DC-0842-16-0336-I-1.

---

Decided: May 10, 2017

---

NIKOLAY TIKHONOV, Gaithersburg, MD, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

---

Before NEWMAN, SCHALL, and WALLACH, *Circuit Judges.*

PER CURIAM.

DECISION

Nikolay Tikhonov petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction his appeal of a final decision of the Office of Personnel Management ("OPM" or "agency"). *See Tikhonov v. Office of Pers. Mgmt.* (*MSPB Final Decision*), Case No. DC-0842-16-0336-I-1, 2016 WL 6212348 (M.S.P.B. Oct. 21, 2016). The Board dismissed Mr. Tikhonov's appeal because OPM rescinded its final decision with the stated intention of issuing a new, appealable reconsideration decision. We *affirm*.

DISCUSSION

I.

On September 1, 2015, Mr. Tikhonov filed an application with OPM for a deferred retirement annuity under the Federal Employees Retirement System ("FERS"). On January 5, 2016, OPM sent Mr. Tikhonov a letter stating that his application was denied because he was not yet eligible to receive a retirement annuity under FERS. The letter informed Mr. Tikhonov that it constituted the agency's final decision in the matter and that Mr. Tikhonov now had the right to appeal to the Board. Mr. Tikhonov appealed OPM's decision to the Board on February 8, 2016. Subsequently, on April 11, 2016, OPM moved to dismiss Mr. Tikhonov's appeal. In its motion, OPM stated that it was rescinding its January 5, 2016 final decision and that it intended to issue a new, appealable reconsideration decision. On April 13, 2016, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision dismissing Mr. Tikhonov's appeal for lack of jurisdiction. *See Tikhonov v. Office of Pers. Mgmt.*, Case No. DC-0842-16-0336-I-1, 2016 WL 1580250 (M.S.P.B. Apr. 13, 2016). The AJ determined that the agency's rescission of its final deci-

sion with the intent to issue a new, appealable reconsideration decision divested the Board of jurisdiction over Mr. Tikhonov's appeal. *Id.*

On May 14, 2016, Mr. Tikhonov petitioned the Board for review of the AJ's initial decision. In addition to challenging the AJ's dismissal of his appeal for lack of jurisdiction, he argued that OPM had erred in denying his application for retirement benefits. He also argued that that the AJ had committed two errors: *first*, denying him a hearing on the merits of his appeal; and *second*, not requiring OPM to submit all the documentation required by regulation with its "agency file," such as his pay stubs.

On October 21, 2016, the Board issued a final order denying Mr. Tikhonov's petition for review. In its final order, the Board affirmed the AJ's initial decision and adopted the initial decision as the final decision of the Board. *MSPB Final Decision*, 2016 WL 6212348, at *1. In its final order, the Board agreed with the AJ that OPM's rescission of its final decision with the intention of issuing a new appealable reconsideration decision divested the Board of jurisdiction over Mr. Tikhonov's appeal. As a result, the Board did not reach the merits of Mr. Tikhonov's claim to a deferred retirement annuity under FERS. The Board did, however, address the two additional arguments raised by Mr. Tikhonov. With respect to Mr. Tikhonov's argument that the AJ improperly denied him a hearing on the merits of his appeal, the Board stated that he was not entitled to such a hearing because OPM's unrebutted contentions regarding rescission of its final decision were sufficient to show that the Board lacked jurisdiction over the appeal. *Id.* at *2. Regarding Mr. Tikhonov's argument relating to missing documents, the Board determined that any error in the agency's failure to submit certain documentation was harmless. In the Board's view, the alleged missing documentation related only to the merits of the appeal and thus had no bearing on the issue of jurisdiction. *Id.*

Following the Board's final decision, Mr. Tikhonov timely sought review in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

II.

Our scope of review in an appeal form a decision of the Board is limited. Specifically, we must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2012); *Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1034 (Fed. Cir. 1993). The Board's dismissal of an appeal for lack of jurisdiction presents an issue of law that we review without deference. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under FERS after OPM has issued a final decision. 5 U.S.C. § 8461(e); 5 C.F.R. § 841.308 (2016). A decision of OPM concerning FERS benefits constitutes a final decision if it is a reconsideration decision or an initial decision designated as a final decision. 5 C.F.R. §§ 841.306, 307; *Havrilla v. Merit Sys. Prot. Bd.*, 582 F. App'x 881, 882 (Fed. Cir. 2014). OPM's complete rescission of a final/reconsideration decision divests the Board of jurisdiction over an appeal, and the appeal must be dismissed. *Keira v. Merit Sys. Prot. Bd.*, 396 F. App'x 703, 704 (Fed. Cir. 2010) (citing *Nebblett v. Office of Pers. Mgmt.*, 237 F.3d 1353, 1356 (Fed. Cir. 2001)); *Frank v. Office of Pers. Mgmt.*, 113 M.S.P.R. 164, 166 (2010). The Board will assert jurisdiction over an appeal concerning a retirement matter, however, where OPM has refused or improperly failed to issue a final decision. *McNeese v. Office of Pers. Mgmt.*, 61 M.S.P.R. 70, 74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). The appellant has the burden of proving the

Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A); *Forest*, 47 F.3d at 410.

III.

The Board did not err in dismissing Mr. Tikhonov's appeal for lack of jurisdiction. The record shows that OPM completely rescinded its January 5, 2016 final decision and that it did so with the express intention of issuing a new, appealable reconsideration decision. There is no evidence in the record indicating that OPM will refuse to issue a new decision. At the same time, there is no indication that Mr. Tikhonov will not be able to obtain an adjudication of his claim upon issuance of OPM's new decision. The Board's dismissal of Mr. Tikhonov's appeal was in accordance with law.

Mr. Tikhonov makes several arguments on appeal. First, he contends that the AJ erred in dismissing his appeal as moot. Mr. Tikhonov is mistaken, however. The AJ did not dismiss his appeal as moot. Rather, he dismissed the appeal for lack of jurisdiction. As we have just stated, that ruling was correct. Next, Mr. Tikhonov argues at length that OPM erred in denying his application for a deferred retirement annuity under FERS. Because OPM withdrew its final decision denying Mr. Tikhonov's claim to an annuity, however, both the AJ and the Board properly declined to consider the merits of the claim. If OPM issues a new reconsideration decision denying his claim, Mr. Tikhonov will have the opportunity to appeal that denial to the Board. Finally, as he did before the Board, Mr. Tikhonov urges that the AJ improperly denied him a hearing on the merits of his appeal and that the AJ erred in not requiring OPM to submit all the documentation required by regulation with its "agency file," such as his pay stubs. In view of the fact that it lacked jurisdiction over Mr. Tikhonov's appeal, the Board did not err in rejecting these arguments, both of which raise matters pertinent to the merits of Mr. Tikhonov's

claim. Again, if OPM issues a new reconsideration decision denying his claim, Mr. Tikhonov will have the opportunity to appeal that denial to the Board. In any such appeal, Mr. Tikhonov will be able to argue to the AJ that he is entitled to a hearing. He also will be able to argue to the AJ that OPM has failed to submit all required documents with its "agency file."

## CONCLUSION

Because we agree with the Board that OPM's rescission of its January 5, 2016 final decision divested the Board of jurisdiction, we affirm the Board's dismissal of Mr. Tikhonov's appeal for lack of jurisdiction. Our decision does not mean, however, that Mr. Tikhonov's claim to a deferred retirement annuity under FERS has been denied. Because OPM rescinded its final decision with the express intention of issuing a new reconsideration decision, the Board was required to dismiss Mr. Tikhonov's appeal in order to allow OPM to reconsider his claim. If Mr. Tikhonov does not agree with OPM's decision upon reconsideration, he may file a new appeal with the Board.

## **AFFIRMED**

### COSTS

No costs.