# United States Court of Appeals for the Federal Circuit

---

**GARY BIGGERS,**
*Petitioner,*

v.

**DEPARTMENT OF THE NAVY,**
*Respondent.*

---

2013-3059

---

Petition for review of the Merit Systems Protection Board in No. SF0752100268-I-1.

---

Decided: March 21, 2014

---

WENDY COLE LASCHER, Ferguson Case Orr Paterson, LLP, of Ventura, California, argued for petitioner.

HILLARY A. STERN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director.

---

Before LOURIE, DYK, and TARANTO, *Circuit Judges.*

DYK, *Circuit Judge.*

Gary Biggers appeals from a decision of the Merit Systems Protection Board ("Board") sustaining his indefinite suspension by the Department of the Navy ("Navy") and holding that Biggers was not entitled to back pay in connection with his indefinite suspension. The Board also held that it lacked jurisdiction over Biggers' claim for back pay independent of his suspension. We affirm.

BACKGROUND

Biggers had been employed by the Navy for twenty-nine years and in 2007 was employed as Security Manager for the Naval Facilities Engineering Service Center ("Center"). The Security Manager position required him to have and maintain a top secret security clearance.

In April 2008, a duty officer found that one of the outer vault doors of the Secret Internet Protocol Router Network room was left open at the Center. Biggers and the Command Duty Officer notified the Commanding Officer of the Center about the potential violation. The Commanding Officer appointed a Command Evaluator to investigate the Center to determine if there were other security weaknesses. After the investigation, the Command Evaluator recommended that all security personnel (including Biggers) have their access to classified material suspended because "the investigation revealed numerous systemic problems, violations and deficiencies in security procedures and practices." J.A. 103 ¶ 8.

As a result, in April 2008, Biggers' security clearance was suspended pending a final determination by the Department of Navy Central Adjudication Facility ("DONCAF"). In May 2008, Biggers was sent a notice of proposed suspension from his position as Security Manager. After Biggers responded to the notice, DONCAF issued a final decision imposing an indefinite suspension

pursuant to 5 U.S.C. § 7513 on Biggers effective June 27, 2008, pending a decision by DONCAF regarding his security clearance eligibility.

On April 8, 2009, DONCAF concluded that the information provided by Biggers and the Center "sufficiently explained, mitigated, or provided extenuating circumstances regarding the disqualifying information," and therefore, Biggers was "determined eligible for a Top Secret security clearance, assignment to a sensitive position, and access to [Sensitive Compartmented Information]" and returned to duty status. J.A. 105. His indefinite suspension had lasted a little over nine months. The Navy did not provide Biggers with back pay for his period of suspension or treat him as employed for the purpose of calculating retirement benefits during that time.

Biggers appealed his indefinite suspension to the Board and also sought back pay for the period of suspension. He alleged that the agency's decision to suspend his security clearance was motivated by retaliatory animus arising from his participation in an Equal Employment Opportunity Commission Proceeding. In September 2010, the administrative judge determined that under *Department of the Navy v. Egan*, 484 U.S. 518, 530 (1988), the Board may not review the merits of a security clearance revocation or suspension. The administrative judge found that *Egan* only permitted review of the following factors: "whether a clearance was a requisite for the employee's position; whether, in fact, the clearance was denied; whether it was feasible . . . to transfer the employee to a non-sensitive position . . . and whether the employee was afforded the procedural protections of [§ 7513]." J.A. 74 (citing *Egan*, 484 U.S. at 530). Because Biggers had stipulated that he did not fall within these exceptions, the administrative judge affirmed the indefinite suspension by the Navy. The administrative judge also determined

that Biggers was not entitled to back pay, finding that under *Jones v. Department of the Navy*, 978 F.2d 1223, 1227 (Fed. Cir. 1992), when an agency terminates an employee's indefinite suspension following reinstatement of his security clearance, the employee is not entitled to back pay for the period of suspension.

Biggers petitioned the full Board for review. The Board denied his petition for review, finding that it lacked authority under *Egan* to review the merits of a security clearance revocation and that Biggers was not entitled to back pay for his period of suspension under *Jones*. Biggers timely appealed to this court, and we have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9). We affirm.

## DISCUSSION

We may set aside a Board action only if we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011).

On the issue of Biggers' indefinite suspension, under *Egan*, neither the Board nor this court may examine the merits of a security clearance suspension. 484 U.S. at 530. We do not express any views concerning whether Biggers might have had a back pay claim if DONCAF had found that the original suspension was improper. But DONCAF only restored Biggers' security clearance and did not make a finding that the original suspension was unsupported. The Board lacked authority to review the merits of the security clearance suspension. *Id.* at 529.

Although under *Egan* we may review the agency's determination for procedural violations, *id.* at 530, Biggers

made no claim of procedural error. *Egan* and its progeny also permit us to decide whether the security clearance was actually denied and whether the security clearance was a requirement of the appellant's position.[1] *Egan*, 484 U.S. at 530; *Cheney v. Dep't of Justice*, 479 F.3d 1343, 1352 (Fed. Cir. 2007); *Drumheller v. Dep't of the Army*, 49 F.3d 1566, 1571 (Fed. Cir. 1995). Here, Biggers stipulated to each and every one of these factors.

On the issue of back pay for the period of indefinite suspension, in *Jones* we found that where a court has upheld the suspension, the employee is not eligible to receive back pay. 978 F.2d at 1227 (citing *Wiemers v. Merit Sys. Prot. Bd.*, 792 F.2d 1113, 1116 (Fed. Cir. 1986) ("'[A]n employee lawfully suspended on the basis of his indictment on job-related charges was not entitled to back pay upon his acquittal and reinstatement by the agency.'" (quoting *Brown v. Dep't of Justice*, 715 F.2d 662, 669 (D.C. Cir. 1983)))). Here, Biggers falls squarely within the class of employees contemplated by *Jones*, and is therefore not entitled to back pay on the merits.

Biggers also sought to recover back pay under Department of Defense Regulation 5200.2-R, Chapter 8, Section 3.2, which states:

---

[1] In *Griffin v. Defense Mapping Agency*, we held that *Egan* did not create a substantive right to transfer an employee to a non-sensitive position, and therefore, the Board does not have authority to review the feasibility of such reassignment in the absence of an additional agency regulation or policy statement providing for such transfer. 864 F.2d 1579, 1580 (Fed. Cir. 1989). Here, there was a Navy policy stating "that reassignment following loss of clearance . . . [was] neither mandatory nor desirable." J.A. 106.

> A [Department of Defense] civilian employee whose employment has been suspended or terminated under this Regulation and who is reinstated or restored to duty under the provisions of Section 3571 of Title 5, U.S. Code . . . is entitled to benefits as provided for by Section 3 of Public Law 89-380.

J.A. 71–72.

Here, the regulation cited by Biggers is directed at suspensions and terminations pursuant to section 3571. This section applies only to "individual[s] suspended or removed under section 7532 of this title," which provided for suspensions or removals in the interest of national security. 5 U.S.C. §§ 3571, 7532. Biggers was not suspended under section 7532, but under section 7513. Therefore, because this regulation does not apply to Biggers, the Board did not have jurisdiction to hear this particular back pay claim.

**AFFIRMED**