**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 64**

Docket No. PH-0752-13-0127-I-1

**Joan Ryan,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

August 18, 2014

Peter B. Broida, Esquire, Arlington, Virginia, for the appellant.

David Myers, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision which sustained her indefinite suspension following the suspension of her security clearance.  Petition for Review (PFR) File, Tab 1.  On review, the appellant argues that the agency erred when it indefinitely suspended her, rather than indefinitely demoting her or continuing her paid administrative leave.  She also asserts that the agency erred by not returning her to employment following her acquittal on the criminal charges which served as the basis for suspending her security clearance.  *Id*. at 5-6.  For the reasons that follow, the appellant's petition for review is DENIED, and the initial decision is AFFIRMED.

BACKGROUND

¶2      The appellant serves as a regional Mission Support Division Director, GS-15, with the Federal Emergency Management Agency, and must maintain a top secret security clearance as a condition of her position.  Initial Appeal File (IAF), Tab 4 at 84.  The agency issued the appellant notice that it was suspending her access to classified information based upon its receipt of information that she had been indicted on federal criminal charges of a conflict of interest, solicitation of a gratuity, and making a false statement.  *See id.* at 58, 62, 67.  Following the suspension of her security clearance, the appellant was placed on a period of administrative leave, *see id.* at 64-65, and the agency subsequently proposed her indefinite suspension from employment based upon the suspension of her security clearance, which the deciding official  sustained, *see id.* at 19-22 (letter of decision), 35-37 (notice of proposed indefinite suspension).

¶3      The appellant filed an initial appeal challenging her indefinite suspension. IAF, Tab 1.  After the filing of her appeal, but prior to the hearing held in this matter, the appellant was acquitted of all criminal charges against her.  IAF, Tab 10.  The administrative judge held a hearing and issued an initial decision affirming the appellant's indefinite suspension.  IAF, Tab 16, Initial Decision (ID) at 16.  The administrative judge found that the agency did not violate the appellant's rights to due process in effecting her suspension because the deciding official:  (1) had the discretion to impose alternative penalties, although she elected to impose the proposed indefinite suspension; and (2) did not consider new and material ex parte information in rendering her decision to indefinitely suspend the appellant.  ID at 8-14.  In reaching these conclusions, the administrative judge rejected the appellant's argument that, pursuant to *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), the agency was under an affirmative obligation to consider issuing an indefinite demotion to a lower-level position, which did not require access to classified information, or continued placement on paid administrative leave before issuing an indefinite suspension.

ID at 10-12. Lastly, the administrative judge found that the agency was not required to restore the appellant to work following her acquittal because the basis of her indefinite suspension was the suspension of her security clearance, not her indictment on criminal charges, and because the condition subsequent specified by the agency in its indefinite suspension action—the restoration of her security clearance—had not occurred. ID at 14-16.

¶4    The appellant has filed a petition for review reiterating her contentions that, under *Douglas*, an agency must consider penalties less severe than an indefinite suspension before effecting such an action, and the agency has impermissibly extended her indefinite suspension by not returning her to a paid status following her acquittal on criminal charges. PFR File, Tab 1 at 5-6. The agency has filed a response to the petition for review, and the appellant has filed a reply. *See* PFR File, Tabs 3, 4.

## ANALYSIS

### The agency established the propriety of its indefinite suspension action by a preponderance of the evidence.

¶5    In an appeal of an adverse action under 5 U.S.C. § 7513 based on the denial, revocation, or suspension of a security clearance, the Board does not have the authority to review the substance of the underlying security clearance determination. *Gamboa v. Department of the Air Force*, 120 M.S.P.R. 594, ¶ 5 (2014) (citing *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988)). Rather, the Board only has the authority to review whether: (1) the appellant's position required a clearance; (2) the clearance was denied, revoked, or suspended; and (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7513. *Ulep v. Department of the Army*, 120 M.S.P.R. 579, ¶ 4 (2014) (citing *Hesse v. Department of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000)). Section 7513, however, is not the only source of procedural protections for employees subject to adverse actions; agencies must also comply with the procedures set forth in their own regulations. *Id.* An employee also has a due

process right to notice of the grounds in support of the adverse action—here, notice that her position required a security clearance and that she could no longer remain in that position once her clearance was suspended—and a meaningful opportunity to invoke the discretion of a deciding official with the authority to select an alternative outcome, to the extent an alternative penalty may have been feasible. *See Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶¶ 25-28 (2014); *see also Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶ 10 (2014).

¶6          Here, there is no dispute that the appellant's position required a security clearance or that her clearance was suspended based upon her indictment on federal criminal charges. IAF, Tab 4 at 58 (security clearance determination), 84 (position description); ID at 9. The agency, moreover, complied with the procedural protections of section 7513 by providing the appellant at least 30 days' advanced notice of its proposed action, a period of time of more than 7 days to reply, the right to be represented, and a written decision on the proposed action, *see* 5 U.S.C. § 7513(b)(1)-(4); IAF Tab 4 at 19-21, 36. The appellant has not argued that the agency violated one of its specific policies or regulations in effecting her indefinite suspension. *See, e.g.*, *Ulep*, 120 M.S.P.R. 579, ¶¶ 5-6 (finding that the agency violated its own process regarding "unfavorable administrative actions" relating to personnel security). Additionally, we agree with the administrative judge that the agency did not violate the appellant's right to due process in effecting her suspension because she had the opportunity to invoke the discretion of a deciding official who, within the parameters of the agency's disciplinary procedures, had the authority to

consider and impose alternative forms of discipline in lieu of the proposed indefinite suspension.  ID at 10-11;[1] *see Buelna*, 121 M.S.P.R. 262, ¶¶ 25-28.

In an adverse action arising out of a security clearance determination, an agency need only consider whether an employee's reassignment to a nonsensitive position is feasible when statutes, regulations, or policies require it to do so.

¶7         We agree with the administrative judge's finding that the agency does not have a policy requiring it to consider reassigning an employee to a nonsensitive position or placing an employee on paid administrative leave following the suspension of her security clearance.[2] *See* ID at 10; IAF, Tab 8 at 22-50.  As discussed below, we also agree with the administrative judge's conclusion that the agency did not otherwise err by not reassigning the appellant to a nonsensitive position.  *See Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶ 7 n.1 (2014) (the Board may review whether an employee's transfer to a nonsensitive position is feasible only where a statute or regulation provides the employee a substantive right to such a reassignment) (citing *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580 (Fed. Cir. 1989)).

¶8         The appellant argues on review that, under *Douglas*, the agency should have considered alternative forms of discipline prior to imposing her indefinite suspension and that its failure to do so entitles the agency's penalty selection to less deference.  PFR File, Tab 1 at 8-20.  Although acknowledging the Federal

---

[1] To the extent the administrative judge relied upon the Board's decisions which are modified by *Buelna*, *see* 121 M.S.P.R. 262, ¶ 18 n.7, the administrative judge's initial decision is similarly modified.

[2] The appellant suggests on review that the agency's "own personnel policies call for consideration of demotion as an alternative to a more serious sanction."  PFR File, Tab 1 at 15.  The section of the agency's disciplinary policy cited by the appellant, however, addresses demotions in general, not in the specific context of a revocation or suspension of access to classified information, and we find nothing in this policy to suggest that the agency has an internal policy granting employees a substantive right to reassignment following the revocation or suspension of their access to classified information.

Circuit's longstanding approach that an agency need only consider transferring an employee to a nonsensitive position where a statute, regulation, or agency policy provides the employee with a substantive right to reassignment, *see Griffin*, 864 F.2d at 1580-81; PFR File, Tab 1 at 11, the appellant argues that, under *Douglas*, an agency is also required to assess the reasonableness of its penalty selection by demonstrating that it considered whether lesser forms of discipline were feasible before imposing an indefinite suspension, *see* PFR File, Tab 1 at 8 ("the Board requires due process to be applied and appropriate penalty considerations by agencies under *Douglas* despite recognition that an indefinite suspension is not an ordinary disciplinary action . . ."). For the reasons below, we decline the appellant's invitation to reanimate under *Douglas* what our reviewing court has expressly foreclosed in *Griffin*.

¶9      In *Griffin*, and *Lyles v. Department of the Army*, 864 F.2d 1581 (Fed. Cir. 1989), which were decided on the same day, the Federal Circuit held that, in the absence of a statute, regulation, or policy mandating the transfer or reassignment of an employee who is denied a security clearance, "the Board has no role" in reviewing whether an employee should have been reassigned instead of receiving an adverse action. *Griffin*, 864 F.2d at 1581; *see Lyles*, 864 F.2d at 1583-84. Despite the appellant's arguments to the contrary, consideration of the *Douglas* factors would be inappropriate in this case, because in the absence of a statute or regulation requiring the agency to seek out alternative employment, we lack authority to review whether the lesser sanction of reassignment to a nonsensitive position would have been feasible.[3] *See Flores*, 121 M.S.P.R. 287, ¶ 12.

---

[3] The appellant argues on review that *Holley v. Department of the Navy*, 62 M.S.P.R. 300 (1994), requires a deciding official to determine whether it is "feasible to maintain the appellant in a duty status," and that the deciding official in this case erred when she "made no such determination." PFR File, Tab 4 at 11 (citing *Holley*, 62 M.S.P.R. at 305 n.3). The Board's holding in *Holley*, however, makes clear that the Board does not

¶10        The appellant cites earlier Board decisions which opined that an agency had to demonstrate that reassigning an employee to a nonsensitive position was not possible before it would affirm an employee's indefinite suspension based upon the loss or revocation of a security clearance.  *See* PFR File, Tab 1 at 8-10 (citing *Martin v. Department of the Treasury*, 12 M.S.P.R. 12, 21 (1982), *aff'd in part, rev'd in part on other grounds sub nom. Brown v. Department of Justice*, 715 F.2d 662 (D.C. Cir. 1983), *and aff'd sub nom. Otherson v. Department of Justice*, 728 F.2d 1513 (D.C. Cir. 1984*), modified on other grounds by Barresi v. U.S. Postal Service*, 65 M.S.P.R. 656, 663 n.5 (1994));[4] *Woroneski v. Department of the Navy*, 39 M.S.P.R. 366, 369 n.2 (1988) (the Board has held that the agency bears the burden, as part of its case in chief, to show that it could not reassign the appellant to a nonsensitive position within the facility where he was employed) (citing *Van Duzer v. Department of the Navy*, 39 M.S.P.R. 202, 206 (1988)).  The Board decisions cited by the appellant, however, predate *Griffin* and *Lyles* and they cannot be harmonized with this later line of cases.[5]  *Griffin* and *Lyles*, moreover, are controlling authority which we are

---

have the authority to review the feasibility of reassignment to a nonsensitive position and that there was no claim that the agency had a regulation requiring it to consider reassignment prior to suspending the appellant.  *See Holley*, 62 M.S.P.R. at 304-05.  To the extent the footnote in *Holley* suggests otherwise, we find that it is dicta and it does not require an agency to affirmatively demonstrate that reassignment is not feasible before imposing an indefinite suspension.

[4] The Board modified *Martin* on other grounds not relevant to this appeal in *Barresi v. U.S. Postal Service*, 65 M.S.P.R. 656, 663 n.5 (1994).  In any case, at issue in *Martin* were indefinite suspensions where the agency had reasonable cause to believe that the appellants had committed crimes for which imprisonment could be imposed.  *Martin*, 12 M.S.P.R. at 13.  We do not find such suspensions to be comparable to those arising out of security clearance determinations.

[5] Accordingly, to the extent *Woroneski* and *Van Duzer* hold that an agency must demonstrate that it considered reassigning an employee to a nonsensitive position before removing or indefinitely suspending the employee based upon the denial or suspension of a security clearance, these decisions are OVERRULED.  *See Biggers v. Department of the Navy*, 745 F.3d 1360, 1362 n.1 (Fed. Cir. 2014).

bound to follow unless modified by our reviewing court.  *See Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014) (precedential decisions of the Federal Circuit are controlling authority for the Board which the Board is bound to follow unless otherwise overruled by the court sitting en banc).  We therefore find the appellant's arguments unpersuasive.

¶11        We further reject the appellant's suggestion that she has a due process right to be considered for reassignment to a nonsensitive position.  PFR File, Tab 1 at 14-15, 19-20, Tab 4 at 7-9.  Although the Board has found that an employee has a constitutional due process right to respond to a notice of proposed adverse action based upon the suspension of her security clearance, *see Buelna*, 121 M.S.P.R. 262, ¶¶ 15-16, the Board has recently clarified that this right is limited to invoking the discretion of a deciding official who has the authority to select from among alternative penalties, to the extent such alternatives are permitted, feasible, and within management's purview, *see id*., ¶¶ 27-28.  Thus, we find misplaced the appellant's arguments that the agency committed a due process violation by not adequately justifying why it did not consider reassigning her to a posted vacancy or why it did not continue to keep her on paid administrative leave.  PFR File, Tab 1 at 14-15.  Under *Griffin* and *Lyles*, moreover, if an appellant does not have a right to be considered for a reassignment following the suspension of her security clearance unless granted by agency policy, statute, or regulation, then an appellant does not have a greater due process right to be considered for such a reassignment.  *See, e.g.*, *Gargiulo v. Department of Homeland Security*, 727 F.3d 1181, 1186 (Fed. Cir. 2013) (explaining that, under 5 U.S.C. § 7513(b), an employee has a "statutory, not constitutional" right to respond to a proposed adverse action based upon a suspension of his access to classified information, and that "employees do not have constitutional due process rights in connection with security clearance determinations"); *Buelna*, 121 M.S.P.R. 262, ¶ 25 (the right to notice of the specific reasons

underlying a security clearance suspension is not constitutional, but rather is statutory, or in some cases a matter of agency policy).

¶12    Finally, although not challenged by the appellant on review, we find no error with the administrative judge's conclusion that the deciding official did not consider new and material ex parte information in rendering her decision to indefinitely suspend the appellant.  ID at 12-14.  A deciding official violates an employee's right to due process when she relies upon new and material ex parte information as a basis for her decision on the merits of the proposed charge or the penalty to be imposed.  *Lange v. Department of Justice*, 119 M.S.P.R. 625, ¶ 8 (2013); *see Buelna*, 121 M.S.P.R. 262, ¶¶ 31-32 (discussing this right in the context of an adverse action based on a security clearance determination).  We agree with the administrative judge that the record does not demonstrate that the deciding official considered any new or material information in reaching her decision on the appellant's proposed indefinite suspension that would render her decision to indefinitely suspend the appellant constitutionally infirm.  *See Buelna*, 121 M.S.P.R. 262, ¶ 32; *Lange*, 119 M.S.P.R. 625, ¶ 8.

The administrative judge correctly declined to order the appellant's reinstatement to employment or placement on paid administrative leave following her acquittal on criminal charges.

¶13    The appellant also argues on review that the administrative judge should have ordered her reinstatement to employment or placement on paid administrative leave following her acquittal on the criminal charges which served as the basis for the suspension of her security clearance.  PFR File, Tab 1 at 20-22, Tab 4 at 14-17.  The Board's decisions recognize that, to be valid, an indefinite suspension must have an ascertainable end; that is, a determinable condition subsequent that will bring the suspension to a conclusion.  *Jones v. Department of the Army*, 111 M.S.P.R. 350, ¶ 11 (2009).  The Board, however, will not impose a condition subsequent different from the one identified by the agency in its decision imposing the indefinite suspension.  The Board's role in an

appeal alleging an impermissible continuation of an indefinite suspension is limited to reviewing whether the condition subsequent identified by the agency has occurred and whether the agency acted within a reasonable amount of time to terminate the suspension following the satisfaction of the condition subsequent. *See Sanchez v. Department of Energy*, 117 M.S.P.R. 155, ¶ 9 n.2 (2011).

¶14    Here, the agency indefinitely suspended the appellant based upon the suspension of her security clearance.   IAF, Tab 4 at 19.   The condition subsequent triggering the cessation of the appellant's suspension, therefore, is the restoration of her security clearance.  *Id*.  The agency, however, has not restored the appellant's security clearance, and, in the absence of the restoration of her security clearance, the Board is without the authority to order that the appellant be returned to duty.  *See, e.g.*, *Smallwood v. Department of the Navy*, 62 M.S.P.R. 221, 225 (1994) (an agency was not required to give an employee a deadline for when it would make a decision on his security clearance, which was the condition subsequent stated in his indefinite suspension); *LaBatte v. Department of the Air Force*, 58 M.S.P.R. 586, 594 (1993) (the lack of a security clearance constitutes a compelling reason not to return the appellant to his prior position).

¶15    Although the appellant asks the Board to order her placement on paid administrative leave as a way to counterbalance the agency's unfettered discretion to review and control her access to classified information, *see* PFR File, Tab 4 at 13, we find that ordering the appellant's reinstatement to paid administrative leave while her security clearance remains suspended would be tantamount to undoing the agency's indefinite suspension action, *see Buelna*, 121 M.S.P.R. 262, ¶ 28 (finding that the deciding official's authority to choose to continue the appellant's administrative leave status was sufficient to satisfy due process).   The Board, moreover, is precluded from ordering the appellant's reinstatement to a position requiring access to classified information when she is without the required clearance to access such information.  *See Skees v. Department of the Navy*, 864 F.2d 1576, 1578 (Fed Cir. 1989) ("If the Board

cannot review the employee's loss of security clearance, it is even further beyond question that it cannot review the Navy's judgment that the position itself requires the clearance."); *King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 20 (2005) (the Board has no authority to review the substance of an agency's decision to grant, deny, or suspend a security clearance), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006). Additionally, we find that ordering the appellant's restoration to duty or to a paid administrative leave status before the agency reinstates her access to classified information would intrude upon the agency's authority to regulate and manage employees' access to classified information. *See Kaplan v. Conyers*, 733 F.3d 1148, 1155 (Fed. Cir. 2013) ("*Egan*, at its core, explained that it is essential for the President and the [Department of Defense] to have broad discretion in making determinations concerning national security."), *cert denied sub nom. Northover v. Archuleta*, 134 S. Ct. 1759 (2014); *Gargiulo*, 727 F.3d at 1187 (finding that an employee does not have a due process right "in connection with a security clearance determination[, which] justifies an inquiry into whether the agency had reasonable grounds for suspending or revoking the employee's security clearance"); *Buelna*, 121 M.S.P.R. 262, ¶ 27 (due process does not demand that the deciding official consider alternatives that are prohibited, impracticable, or outside management's purview). We accordingly find no support for the appellant's argument that she should be reinstated to a paid administrative leave status pending a determination on her security clearance.

CONCLUSION

¶16    For the reasons discussed above, we find that the agency has established the propriety of its indefinite suspension action based on the suspension of the appellant's security clearance, and that the appellant is not entitled to be placed on paid administrative leave pending the agency's decision on the reinstatement of her security clearance. Additionally, because the condition subsequent

identified by the agency in its notice of adverse action has not occurred, the agency is not required to terminate its indefinite suspension action, and the Board is without the authority to order the agency to adjudicate or process a final determination on the appellant's access to classified information. The administrative judge's initial decision is AFFIRMED, and the appellant's petition for review is DENIED.

ORDER

¶17    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING<br>YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals<br>for the Federal Circuit<br>717 Madison Place, N.W.<br>Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.