**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOAN RYAN,<br>            Appellant, | DOCKET NUMBER<br>PH-0752-15-0165-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>    SECURITY,<br>            Agency. | DATE: April 12, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Peter B. Broida, Esquire, Arlington, Virginia, for the appellant.

Ryan Chapline, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2　　The appellant served as a division director with the Federal Emergency Management Agency (agency), and was required to maintain a top secret security clearance. Initial Appeal File (IAF), Tab 5 at 44. The agency indefinitely suspended the appellant after it suspended her access to classified information. *Id*. at 106-08. The appellant filed an appeal of her indefinite suspension, which the Board affirmed. *See Ryan v. Department of Homeland Security*, 121 M.S.P.R. 460 (2014), *aff'd*, 793 F.3d 1368 (Fed. Cir. 2015), *and overruled on other grounds by Freeze v. Department of Navy*, 122 M.S.P.R. 179 (2015). The agency subsequently revoked the appellant's access to classified information, and the agency's chief security officer issued a second-level decision upholding the clearance revocation. IAF, Tab 5 at 49-52. The agency thereafter proposed to remove the appellant from her position based on the revocation of her security clearance. *Id*. at 44-46. The appellant, through counsel, provided an oral response to the deciding official, who issued a decision letter imposing the appellant's removal. *Id*. at 20-22.

¶3　　The appellant filed a timely initial appeal of her removal and alleged that the agency removed her without considering whether she could be reassigned to a position that either did not involve access to classified information or did not

require her to maintain a security clearance. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 16, Initial Decision (ID). In his initial decision, the administrative judge found that the agency established its charge concerning the appellant's revocation of her security clearance, and he rejected the appellant's argument that the agency committed a due process violation in effecting her removal. ID at 6-8. The administrative judge also found no support for her argument that she had a regulatory right to be returned to a pay status during the notice period preceding a decision on her proposed removal. ID at 8.

¶4    The appellant has filed a petition for review arguing that the administrative judge erred in upholding her removal and that he should have assessed whether some lesser penalty, such as a reassignment, was appropriate under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981). Petition for Review (PFR) File, Tab 1 at 4. In support of her argument on review, the appellant asserts that the agency committed a due process violation by not considering whether she could be reassigned to a different position and that the administrative judge improperly concluded that the Board has "'no role' in the due process determination concerning an alternative penalty." *Id*. at 5-6. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply. PFR File, Tabs 9-10. After the appellant filed her reply, the Board granted her motion to amend her petition for review. PFR File, Tab 11. In accordance with the Board's order, the appellant filed her amended petition for review, PFR File, Tab 12, and the agency filed a response, PFR File, Tab 13.

¶5    In an appeal of an adverse action under 5 U.S.C. § 7513 based on the denial, revocation, or suspension of a security clearance, the Board does not have the authority to review the substance of the underlying security determination. *Department of the Navy v. Egan*, 484 U.S. 518, 520 (1988); *Kaplan v. Conyers*, 733 F. 3d 1148, 1150-51 (Fed. Cir. 2013); *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 7 (2014). Rather, the Board only has the authority to review

whether: (1) the appellant's position required a clearance; (2) the clearance was denied, revoked, or suspended; and (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7513. Section 7513, however, is not the only source of procedural protections for employees subject to adverse actions; agencies also must comply with the procedures set forth in their own regulations. An employee also has a due process right to notice of the grounds in support of the adverse action and a meaningful opportunity to invoke the discretion of a deciding official with the authority to select an alternative outcome, to the extent an alternative penalty may have been feasible. *See Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶ 10 (2014).

¶6        The Board further has found that an agency's adverse action based on the loss of a security clearance promotes the efficiency of the service because such a loss of access is "fatal to the job entitlement" and that the traditional *Douglas* factors penalty analysis generally does not apply. *Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶¶ 13, 15 (2014). The U.S. Court of Appeals for the Federal Circuit, moreover, has reaffirmed that the Board may consider whether the employee could be reassigned to another position only when a "substantive right [to be transferred] is available from some other source, such as a statute or regulation." *Ryan v. Department of Homeland Security*, 793 F.3d 1368, 1373 (Fed. Cir. 2015) (quoting *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580 (Fed. Cir. 1989)). In recently reaffirming this principle, the court expressly rejected the assertion that the Board has the authority to mitigate a penalty imposed pursuant to the suspension or revocation of a security clearance under *Douglas*. *Id*. at 1372-73.

¶7        We agree with the administrative judge that the agency proved its removal charge based on the revocation of the appellant's security clearance, and the appellant has not challenged the factual basis for her removal on review. ID at 6; PFR File, Tab 1 at 4. We thus find there is preponderant evidence that the appellant's position required a clearance, that her clearance was revoked, and that

she was provided the procedural protections set forth in section 7513(b). The appellant, moreover, has not argued that the agency failed to comply with any of its agency-specific procedures in effecting her removal. Thus, consistent with our decisions in similar cases, we find that the appellant's removal promotes the efficiency of the service and that the agency established nexus. *See Munoz*, 121 M.S.P.R. 483, ¶ 13.

¶8        We have considered the appellant's primary argument on review that the Board should exercise its mitigation authority under *Douglas* to impose some lesser, alternative penalty, and we find this argument is foreclosed by both our decisions and those of the Federal Circuit. The Federal Circuit consistently has held that the Board "does not have the authority to review the feasibility of [a] reassignment in the absence of an additional agency regulation or policy statement providing for such transfer" in adverse action appeals based on the suspension or revocation of a security clearance. *Biggers v. Department of the Navy*, 745 F.3d 1360, 1362 n.1 (Fed. Cir. 2014). In response to similar arguments the appellant previously asserted in connection with her indefinite suspension, the Federal Circuit affirmed the Board's finding that it should not apply a traditional *Douglas* factors penalty analysis to an adverse action involving either the suspension or revocation of a security clearance. *See Ryan*, 793 F.3d at 1372-73; *Ryan*, 121 M.S.P.R. 460, ¶¶ 8-10. It would be wholly inconsistent for the Board to depart from these precedential decisions in this case and examine the reasonableness of the agency's removal penalty under *Douglas*. *See Ryan*, 793 F.3d at 1372 (explaining why the *Douglas* factors do not apply to the Board's review of a nondisciplinary adverse action involving a security clearance determination); *see also Munoz*, 121 M.S.P.R. 483, ¶ 15; *Ryan*, 121 M.S.P.R. 460, ¶¶ 8-10.

¶9        We also reject the appellant's claim that she has a due process right to be considered for a lesser penalty, such as a reassignment. PFR File, Tab 1 at 4. Specifically, we disagree with the appellant's suggestion that the Board has held

that "there is a constitutional due process requirement for the agency to consider the several alternatives to a clearance-based removal." PFR File, Tab 10 at 4. Instead, the Board has found that an appellant has a limited due process right to invoking the discretion of a deciding official who has the authority to select from alternative penalties, to the extent such alternatives are permitted, feasible, and within management's purview. *See Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 8 (2014); *see also Massey v. Department of the Army*, 120 M.S.P.R. 226, ¶ 4 (2013) (noting that the "root requirement" of due process is the opportunity to be heard (quoting *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 534 (1985)). The Board has never found that an appellant enjoys a substantive due process right to receive an alternative, lesser penalty. The nature of the Board's review of the reasonableness of an agency‑imposed penalty derives from the Civil Service Reform Act of 1978, and is not a matter of constitutional right. *Cf. Ryan*, 793 F.3d at 1372 ("*Douglas*, however, addressed the question of whether the [Board's] statutory authority 'includes authority to modify or reduce a penalty imposed on an employee by an agency's adverse action'" (quoting *Douglas*, 5 M.S.P.R. at 313)).

¶10    The record shows that the appellant, through counsel, presented a detailed oral reply to the deciding official in which she advocated for a reassignment in lieu of removal. IAF, Tab 5 at 37-42. The deciding official, moreover, testified at the hearing that she possessed the authority to reassign the appellant and that she considered the appellant's request but that she declined to exercise her authority under the facts of this case. ID at 7 (citing hearing compact disc). We fully concur with the administrative judge's finding that the appellant's due process right to a meaningful opportunity to be heard was honored. *See Putnam*, 121 M.S.P.R. 532, ¶ 12 (explaining that due process does not require a deciding official to have unfettered discretion to take any action she believes is appropriate); ID at 8.

¶11    Finally, we find no merit to the appellant's argument that she was entitled to be returned to a paid status pending the issuance of a decision letter on her proposed removal.  PFR File, Tab 12 at 4-5.  Although an agency generally must keep an employee in a paid status during the advance notice period preceding an adverse action, *see* 5 C.F.R. § 752.404(b)(3), here, the agency previously had indefinitely suspended the appellant and specified that the condition subsequent terminating that action was the "final adjudication of [her] future eligibility for access to classified information," IAF, Tab 5 at 107.  The agency further specified that the indefinite suspension would "continue through the notice period of any proposed adverse action."  *Id*.  Because the appellant was in a nonduty, nonpaid status pursuant to the agency's indefinite suspension action, and because the agency specified that it would keep the appellant in such a status through the notice period of any subsequent adverse action, we find no merit to her claim that she should have been returned to a paid status prior to the imposition of her removal.  *See Drain v. Department of Justice*, 108 M.S.P.R. 562, ¶ 8 (2008); 5 C.F.R. § 752.402 (finding that an indefinite suspension "continues for an indeterminate period of time and ends with the occurrence of the pending conditions set forth in the notice of action[,] which may include the completion of any subsequent adverse action").[2]

¶12    Based on the foregoing, the appellant's petition for review is denied and the initial decision sustaining the appellant's removal is affirmed.

---

[2] None of the cases cited by the appellant in her amended petition for review stand for the proposition that an employee who is properly on an indefinite suspension must be returned to a paid status during the notice period for a subsequent adverse action.  *See, e.g.*, *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 687-89 (1991) (holding that an employee who was separated after completing her probationary period was entitled to back pay for the 30-day period preceding her separation).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:             _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.