**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ALESYA M. PASCHAL,<br>            Appellant, | DOCKET NUMBER<br>AT-0752-18-0083-I-1 |
|            v. | |
| DEPARTMENT OF THE ARMY,<br>            Agency. | DATE: February 6, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alesya M. Paschal</u>, Madison, Alabama, pro se.

<u>Kathryn R. Shelton</u>, Redstone Arsenal, Alabama, for the agency.

<u>Daniel Dougherty</u>, Colorado Springs, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for failure to state a claim. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to dismiss the appeal for lack of jurisdiction instead of for failure to state a claim, we AFFIRM the initial decision.

## BACKGROUND

On July 10, 2016, the agency imposed the appellant's indefinite suspension pending final adjudication of the interim suspension of her access to classified information.[2] Initial Appeal File (IAF), Tab 1 at 7. On July 11, 2017, the Department of Defense Consolidated Adjudications Facility favorably adjudicated her eligibility for a Top Secret Security Clearance and her access to classified information was restored. IAF, Tab 4 at 24, 29. Accordingly, the agency returned her to duty, effective July 11, 2017. *Id.* at 26.

The appellant filed the instant appeal challenging the agency's failure to provide her with back pay for the period of the indefinite suspension. IAF, Tab 1. She asserted discrimination based on sex and disability and retaliation for equal employment opportunity and whistleblowing activity. *Id.* at 5. Without holding

---

[2] The appellant filed a Board appeal challenging the indefinite suspension. *Paschal v. Department of the Army*, MSPB Docket No. AT-0752-16-0740-I-1. The administrative judge issued an initial decision that sustained the indefinite suspension and, after considering the appellant's petition for review, the Board affirmed the initial decision. *Paschal v. Department of the Army*, MSPB Docket No. AT-0752-16-0740-I-1, Final Order (Feb. 5. 2024); *Paschal v. Department of the Army*, MSPB Docket No. AT-0752-16-0740-I-1, Initial Decision (Dec. 5, 2016).

the appellant's requested hearing, the administrative judge found that the Board had jurisdiction over the appeal but dismissed it for failure to state a claim upon which relief could be granted. IAF, Tab 14, Initial Decision (ID) at 2-4. Specifically, he found jurisdiction because there are situations when the occurrence of a condition subsequent, such as the resolution of the criminal charges upon which an indefinite suspension was based, could give rise to an appealable adverse action, and because the appellant asserted that she suffered an appealable reduction in pay under 5 U.S.C. § 7512 when the agency did not give her back pay. ID at 2-3. He found, however, that the restoration of the appellant's clearance was not a condition subsequent that entitled her to back pay and thus it was appropriate to dismiss the appeal for failure to state a claim upon which relief could be granted. ID at 3. Further, the administrative judge stated that, because he dismissed the appeal for failure to state a claim upon which relief could be granted, the appellant's claims regarding discrimination did not affect the outcome of the case. *Id.*

The appellant has filed a petition for review, the agency has responded in opposition, and the appellant has replied. Petition for Review (PFR) File, Tabs 1, 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant reasserts her claim that she is entitled to back pay during the period of the indefinite suspension and her claims of disparate treatment based on sex and retaliation for whistleblowing activities.[3] PFR File, Tab 1 at 4-7. She also asserts that the appellant in *Rogers v. Department of Defense,* MSPB Docket No. AT-3443-13-3415-I-1, Final Order (Apr. 25, 2014),

---

[3] To the extent that the appellant is attempting to challenge her indefinite suspension by stating that it was initiated on the basis of mere allegations from the agency, we find that she is barred from doing so under the doctrine of res judicata because we already issued a valid, final judgment on the merits of this action. PFR File, Tab 1 at 6; *see Hicks v. U.S. Postal Service*, 114 M.S.P.R. 232, ¶ 11 (2010).

was paid during his indefinite suspension.[4]  *Id.* at 7.  As described below, we find that the appellant has failed to nonfrivolously allege that the Board has jurisdiction over her claim for back pay.[5]  Thus, it was not proper for the administrative judge to dismiss the appeal for failure to state a claim upon which relief can be granted.  *See Alford v. Department of Defense*, 113 M.S.P.R. 263, ¶ 11 (2010) (describing that an appeal that is already within the Board's jurisdiction can be dismissed for failure to state a claim upon which relief can be granted), *aff'd*, 407 F. App'x 458 (Fed. Cir. 2011).

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  A request for back pay is not listed among those matters and it does not create an independent basis for Board jurisdiction.  5 C.F.R. § 1201.3; *see Bosley v. Merit Systems Protection Board*, 162 F.3d 665, 667-68 (Fed. Cir. 1998) (stating that, if the Board does not otherwise have jurisdiction over an appeal, the Back Pay Act does not confer jurisdiction).  Accordingly, we find that the Board lacks jurisdiction over her claim for back pay absent an otherwise appealable action.  Further, the Board

---

[4] In *Rogers*, the appellant filed an appeal challenging his placement in a paid administrative leave status, which the administrative judge dismissed for lack of jurisdiction.  *Rogers v. Department of Defense*, MSPB Docket No. AT-3443-13-3415-I-1, Initial Decision (Nov. 5, 2013).  On review in that case, the appellant stated that he had since been indefinitely suspended without pay after his security clearance was suspended and thus the Board forwarded his petition for review for processing as a new appeal of the indefinite suspension.  *Rogers v. Department of Defense*, MSPB Docket No. AT-3443-13-3415-I-1, Final Order (Apr. 25, 2014); *Rogers v. Department of Defense*, MSPB Docket No. AT-3443-13-3415-I-1, PFR File, Tab 1 at 3.  We fail to see how the agency's decision in *Rogers* to place the appellant in a paid leave status prior to suspending him affects the outcome in this case.

[5] An appellant bears the burden of proving jurisdiction by a preponderance of the evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A); *see Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 8, *aff'd*, 370 F. App'x 85 (Fed. Cir. 2009).  However, an appellant is entitled to a jurisdictional hearing if she makes a nonfrivolous allegation of Board jurisdiction, i.e., an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  5 C.F.R. § 1201.4(s); *see Barrand*, 112 M.S.P.R. 210, ¶ 8.

lacks jurisdiction over her claim as a reduction in pay because she has not alleged that her rate of pay was actually reduced once she was reinstated. IAF, Tab 4 at 26; *see Chaney v. Veterans Administration*, 906 F.2d 697, 698 (Fed. Cir. 1990) (stating that an appealable reduction in pay occurs only when there is an ascertainable lowering of an employee's pay at the time of the action).

The appellant's request for back pay here could be construed as a request for compliance in *Paschal v. Department of the Army*, MSPB Docket No. AT-0752-16-0740-I-1. Because of the lack of quorum, however, her petition for review in that appeal was pending before the Board when she filed the present appeal and a petition for enforcement therefore was not docketed. Nevertheless, even if this appeal had been docketed as a petition for enforcement, the appellant is not entitled to receive back pay because the Board affirmed the indefinite suspension. *See Biggers v. Department of the Navy*, 745 F.3d 1360, 1362-63 (Fed. Cir. 2014) (finding that the appellant was not entitled to back pay when the agency indefinitely suspended him pending a decision regarding his security clearance and later returned him to duty after it was determined that he was eligible for the clearance).

Finally, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's claims of retaliation and discrimination. *See Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 19 (2017), *aff'd sub nom. Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018).

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[6] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.